### James Hicks *v.* Department of Administrative Services
### (7889)

Spallone, Daly and Norcott, Js.

Argued January 3—decision released May 8, 1990

*Sean G. FitzMaurice,* for the appellant (plaintiff).

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* attorney general, *Charles Overend* and *Robert W. Murphy,* assistant attorneys general, for the appellee (state).

Spallone, J. The plaintiff appeals from the decision of the workers' compensation review division affirming the finding and award by the workers' compensation commissioner. He claims that the review division's affirmation was error because the commissioner (1) failed to find that the state wrongly discontinued his disability benefits, (2) denied a motion to correct findings of fact and (3) failed to award the plaintiff reasonable attorney's fees.

The plaintiff suffered a series of compensable injuries during the course of his employment with the state

of Connecticut. He injured his left elbow in 1970 and his right elbow in 1972. In November, 1974, he injured his back, right shoulder and right side. The plaintiff continued to work after this last injury until he was terminated in August, 1975, for lack of light work to which he could be assigned. He received a final disability payment in September, 1975. The plaintiff remained able to work and held a series of jobs until December, 1979, when he was rated as having a permanent partial impairment of his back.

The plaintiff sought compensation benefits for the period from August, 1975 to December, 1979. After a hearing in November, 1985, the commissioner awarded the plaintiff compensation for the period of August, 1975 through January 1, 1976. The commissioner denied the plaintiff's claim for benefits through December, 1979, denied his claim for attorney's fees and denied his subsequent motion to correct the findings of fact. The plaintiff appealed to the compensation review division, which affirmed the commissioner's finding and award. This appeal followed.

The plaintiff claims on appeal that he was receiving benefits from the 1972 injury and was due benefits from the 1974 injury. He contends that the state could not have discontinued his benefits as of September, 1975, without authorization from the commissioner. The plaintiff argues, therefore, that the commissioner should have found that the state failed to comply with General Statutes § 31-296,[1] should have granted his

---

[1] General Statutes (Rev. to 1975) § 31-296 provides in pertinent part: "Before discontinuing payment on account of total or partial incapacity under any such agreement, the employer, if it is claimed by or on behalf of the injured person that his incapacity still continues, shall notify the commissioner and the employee of the proposed discontinuance of such payments, with the date of such proposed discontinuance and the reason therefore, and, such discontinuance shall not become effective unless specifically approved in writing by the commissioner."

motion to add such a finding to the record, and should have awarded him attorney's fees. We disagree.

The plaintiff does nothing more than attack the commissioner's findings of fact. The commissioner has the power and duty to determine the facts and his conclusions must stand unless incorrectly drawn from the subordinate facts, illegal or unreasonable. *Besade* v. *Interstate Security Services,* 212 Conn. 441, 448, 562 A.2d 1086 (1989); *Fair* v. *People's Savings Bank,* 207 Conn. 535, 539, 542 A.2d 1118 (1988). The compensation review division must review the appeal on the record and must not retry facts. *Besade* v. *Interstate Security Services,* supra, 448–49; *Castro* v. *Viera,* 207 Conn. 420, 440, 541 A.2d 1216 (1988).

Our review of the record indicates that the compensation review division concluded that the commissioner made a reasonable finding and award based on the evidence presented. The record does not support the plaintiff's contention that, as of September, 1975, he was receiving ongoing compensation benefits for his 1972 injury. The plaintiff concedes that the final payment in September, 1975, represented a settlement of his past claims for benefits for the 1974 injury and was merely a reimbursement for sick time used. Because no ongoing compensation was being paid, no written approval of discontinuance was required. The state's compliance with § 31-296 was irrelevant.

The commissioner, therefore, reasonably declined to make a finding on the issue of statutory compliance, and reasonably denied the plaintiff's motion to add such a finding to the record. Moreover, because there was no evidence that the state unreasonably contested its liability, it was within the commissioner's discretionary authority to deny the plaintiff an award of attorney's fees. See General Statutes § 31-300; *Lamb* v. *Burns,* 202 Conn. 158, 165, 520 A.2d 190 (1987). The

commissioner was in the best position to consider the facts and circumstances of this case. Nothing in the record discloses that the factual findings of the commissioner were clearly erroneous or that his conclusions were illegal or unreasonable. The compensation review division did not err in affirming the commissioner's findings and award.

There is no error.

In this opinion the other judges concurred.