CATHERINE BOULAY *v.* CITY OF WATERBURY
(10180)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued October 30, 1991—decision released May 5, 1992

*Ronald Cordilico,* with whom, on the brief, was *Marcia McCormack,* legal intern, for the appellant (plaintiff).

*Thomas H. Cotter,* for the appellee (defendant).

O'CONNELL, J. This appeal concerns the compensation review division's denial of the plaintiff's workers' compensation claim. The plaintiff argues that the review division incorrectly held that payment of her full annual teacher's salary satisfied the obligation of the defendant Waterbury board of education under the workers' compensation law. We affirm the compensation review division's decision.

On September 6, 1986, the plaintiff suffered an injury arising out of and within the scope of her employment as a Waterbury public school teacher. The plaintiff received two thirds of her salary as temporary disability payments pursuant to a voluntary agreement signed by both parties and approved by the workers' compensation commissioner. General Statutes § 31-307.[1] She was not paid workers' compensation benefits during the summer vacation period of 1987 and did not allege a wage loss due to her inability to pursue summer employment. In addition, the defendant paid the plaintiff a supplement equal to the remaining one third of her salary pursuant to a collective bargaining agreement between the defendant and the

---

[1] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to *sixty-six and two-thirds per cent of his average weekly earnings* at the time of the injury . . . ." (Emphasis added.)

Waterbury teachers association.[2] These payments, equaling 100 percent of the plaintiff's salary, were paid during the period of the plaintiff's absence from work during the school years 1986–87 and 1987–88.

On June 21, 1988, the defendant filed a notice to discontinue benefits. Two days later, the plaintiff filed an objection to the discontinuance of benefits and a request for an informal hearing before the workers' compensation commissioner. Following the commissioner's denial of her claim that she was entitled to disability payments for the weeks of disability occurring in July and August, 1988, the plaintiff appealed to the compensation review division. The review division determined that the plaintiff's statutory two-thirds benefit amounted to $22,224 and held that if she had not received that sum she was entitled to the difference between the amount she actually received and $22,224. Because the record before it did not furnish complete information on the inclusion of annual salary increments or deduction of federal income tax withholding, the review division could not determine if the plaintiff had received the $22,224 due her. Accordingly, it remanded the matter to the commissioner for the limited purpose of ascertaining the total sum actually paid and, if necessary, for further ruling consistent with its opinion.

The remand to the commissioner raises a threshold question of whether the decision of the compensation review division was a final administrative determina-

---

[2] Section 5 of the Waterbury teachers association agreement provides: "Whenever a teacher is absent from school as a result of personal injury caused by an accident or an assault, arising out of, and in the course of, his employment, compensable under the Worker's Compensation Law, he shall be paid, in addition to his compensation payment, an amount which, joined with the compensation payment, will equal his full salary for a period of such absence, and no part of such absence shall be charged to his annual or accumulative sick leave."

tion from which an appeal could be taken to this court. Recent decisions have held that a review division decision is final for purposes of appeal if the proceedings to be conducted by the commissioner on remand are purely ministerial. On the other hand, if the remand requires the commissioner to take evidence and exercise independent discretion or judgment, there is no final determination and an appeal is premature. *Cleveland* v. *U.S. Printing Ink, Inc.*, 218 Conn. 181, 185–86, 588 A.2d 194 (1991); *Guinan* v. *Direct Marketing Assn., Inc.*, 22 Conn. App. 515, 516, 578 A.2d 129 (1990). In the present case, the remand does not require the commissioner to exercise discretion or independent judgment. The remand can be satisfied simply by ascertaining how much money the plaintiff has already received. We conclude that the review division decision is final and appealable despite the remand to the commissioner.

As a Waterbury public school teacher, the plaintiff was entitled to workers' compensation benefits pursuant to General Statutes § 31-307 for the two year period during which she was temporarily disabled. The plaintiff is statutorily entitled to two thirds of her annual salary for the period of her temporary disability. Because the plaintiff has received the mandated two thirds of her salary for each of the years involved, the defendant's obligations under the workers' compensation law have been satisfied.

The plaintiff assumes that because the review division's memorandum of decision refers to the collective bargaining agreement, the review division relied on it in determining whether the defendant had met its obligations under the workers' compensation law. This assumption is incorrect. Despite the memorandum's language, it is apparent that the review division based its decision on the issue of whether the defendant had paid the plaintiff two thirds of her salary pursuant to

General Statutes § 31-307. The fact that the plaintiff's collective bargaining agreement may have given rise to an enforceable contractual claim that required payment to her of the remaining one third of her salary is irrelevant because it is unrelated to the jurisdiction of the compensation review division. This appeal is controlled by the workers' compensation statute and the sole issue is whether the plaintiff has received the benefits to which she was entitled under that statute. Here, the plaintiff was awarded all of the workers' compensation payments to which she was statutorily entitled. Payments to the plaintiff under the collective bargaining agreement do not present an issue for this court, nor does it appear that such payments affected the review division's decision regarding the plaintiff's entitlement under § 31-307.

The decision of the compensation review division is affirmed.

In this opinion the other judges concurred.