ANGELINA IMBROGNO *v.* STAMFORD HOSPITAL ET AL.
(10550)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued April 2—decision released June 30, 1992

*Philip M. French,* for the appellant (plaintiff).

*Jason M. Dodge,* for the appellees (defendants).

DUPONT, C. J. The plaintiff appeals from a decision of the compensation review division affirming a January 5, 1990 finding and award by the workers' compensation commissioner. We affirm the decision of the compensation review division on all issues except the failure to award interest on the medical bills for which payment was ordered by the commissioner.

On September 15, 1979, the plaintiff and the defendant employer had a contract of employment. Their employment relationship was subject to the Connecticut Workers' Compensation Act, as amended. General Statutes §§ 31-275 through 31-355a. The defendant employer insured its full compensation liability with the defendant insurer, Aetna Life and Casualty Company. On September 15, 1979, the plaintiff sustained an accidental injury to her left, nonmaster forearm, which injury arose out of and in the course of her employment. Following the accident, the plaintiff received workers'

compensation payments until approximately sometime in December, 1982, at which time the payments were stopped by the defendants.

The cessation of the workers' compensation payments in 1982 prompted formal hearings and argument before the commissioner that concluded in 1987 with a finding and award dated May 11, 1987. The central focus of those hearings and the 1987 decision was the interplay between the plaintiff's deteriorating mental status brought about by the 1979 injury and certain unrelated surgery performed on her in February, 1982. The plaintiff argued that her psychiatric disability was a direct and proximate result of her September, 1979 compensable injury. The defendants contended that they are not obligated to pay for any psychiatric treatment or total disability benefits after February, 1982, due to the intervening and unrelated surgery. In his 1987 finding and award, the commissioner concluded that the plaintiff is totally disabled due to posttraumatic stress disorder. The commissioner further found that, although the plaintiff developed a conversion hysteria disorder as a result of her 1979 compensable injury, this condition did not render her totally disabled. Rather, the commissioner concluded, "the basis for the claimant's total disability [the posttraumatic stress disorder] is the cervical surgery [an anterior cervical fusion at C4-C5 and excision of the C4-C5 disc] performed upon her by Dr. [Allen] Chamberlin on February 24, 1982," which surgery "was unrelated to her September 15, 1979 left arm injury, and that such surgery was unjustified insofar as it may relate to said compensable left arm injury." The 1987 finding and award made the defendants liable for all psychiatric care for the plaintiff made necessary as a result of the conversion hysteria disorder, "the full extent of which is limited to such care as will restore her to the point where her mental status was prior to her cervical surgery on

February 24, 1982." Accordingly, the finding and award did not provide for any additional temporary total disability benefits. The commissioner made no findings on the issue of the plaintiff's eligibility for permanent partial (specific) benefits for the injury to her left arm, leaving the matter undecided. The commissioner also left undecided the issues of liability for outstanding medical bills, interest and attorney's fees, and the acceptance or denial of Form 36.[1]

The plaintiff attempted to obtain review of the commissioner's May 1987 finding and award. Her appeal to the compensation review division, however, was determined to be untimely. The review division did review the commissioner's denial of her timely filed request for modification and reopening, concluding that there was no basis to overrule the commissioner's action. The review division also granted the plaintiff's motion to compel the defendants to comply with that portion of the commissioner's award that requires the defendants to provide psychiatric care to the plaintiff sufficient to restore her to her mental status before the 1982 cervical surgery. See *Imbrogno* v. *Stamford Hospital,* 5 Conn. Workers' Comp. Rev. Op. 99 (1988). No further appeal was taken.

Further formal hearings and argument before the commissioner took place in 1989. On January 5, 1990, the commissioner issued a second finding and award which addressed the issue of the defendants' liability for the payment of various outstanding bills pertaining to medical and psychiatric treatment provided to the plaintiff by a number of medical providers between 1979 and 1988. The commissioner ordered the defendants to pay certain bills that were not disputed by them and to pay the undisputed portion of certain other bills. For the most part these bills were incurred prior to

[1] See footnote 4, infra.

February 24, 1982, with the exception of bills for ongoing psychiatric treatment. With regard to those bills that were totally contested by the defendants, the commissioner concluded that "the claimant has not sustained her burden of proof in showing that such bills were by authorized medical providers and/or being reasonable and necessary," and denied liability. The commissioner further ordered that the defendants pay a reasonable attorney's fee of $1000 to the plaintiff's counsel for their undue delay in the payment of the undisputed bills for which payment was ordered.[2] No interest was awarded to the plaintiff arising out of the defendants' undue delay in the payment of the bills.

The plaintiff appealed the 1990 finding and award to the compensation review division. On August 2, 1991, the review division concluded that the commissioner's factual conclusions regarding the disputed claims for payment of medical expenses were reasonable. The review division also concluded that the amount of attorney's fees awarded by the commissioner was a proper exercise of discretion and, therefore, affirmed the January 5, 1990 finding and award. See *Imbrogno* v. *Stamford Hospital,* 9 Conn. Workers' Comp. Rev. Op. 174 (1991). This appeal followed.

---

[2] In addition to the matter of outstanding medical bills and attorney's fees, the workers' compensation commissioner addressed other issues orally during the course of the 1989 formal hearings. At the hearings, the workers' compensation commissioner noted that his 1987 finding and award had determined that "[t]he Aetna is not liable for the total disability. They are liable, rather, for the payment of reasonable psychiatric bills to, in effect, take care of [the plaintiff] the way she was prior to the [1982] surgery." The commissioner determined that his prior decision had resolved the issue of the plaintiff's eligibility for temporary total disability benefits based on her psychological condition, precluding further contest of the issue. The commissioner also noted that the issue of any specific or permanent disability award for the injury to the plaintiff's left arm was not yet ripe for review as the plaintiff had not yet responded to the defendants' tender of a voluntary agreement for a 100 percent injury to the arm with a December, 1982 date of maximum medical improvement because the plaintiff had believed that the issue of temporary total benefits was still part of the case.

On appeal, the plaintiff contends that the commissioner and the compensation review division did not properly analyze the underlying facts and the prior decisions in the case. She argues that she is entitled to disability payments and full payment for treatment for both the physical and psychiatric injuries. Specifically, she claims that (1) temporary total disability benefits should be paid by the defendants subsequent to the December, 1982 cutoff date, with permanent awards to follow when shown to be due, (2) bills for all medical treatment (except those for the unauthorized cervical fusion of February 24, 1982) should be paid by the defendants, (3) attorney's fees for all work in this case by plaintiff's counsel should be paid by the defendants, and (4) interest should be paid on all of the foregoing.

Our standard of review in workers' compensation appeals is well settled. "The commissioner has the power and duty to determine the facts and his conclusions must stand unless incorrectly drawn from the subordinate facts, illegal or unreasonable. . . . The compensation review division must review the appeal on the record and must not retry facts." (Citations omitted.) *Hicks* v. *Department of Administrative Services,* 21 Conn. App. 464, 466, 573 A.2d 770, cert. denied, 216 Conn. 804, 577 A.2d 716 (1990). Affording the plaintiff's claims the appropriate standard of review, we conclude that the compensation review division properly affirmed the determination of the commissioner on all issues except the failure to award interest on the medical bills for which payment was ordered by the commissioner.

### TEMPORARY TOTAL BENEFITS

Although the issue of temporary total disability benefits is not discussed in the commissioner's 1990 finding and award, the commissioner addressed the subject of the claim for temporary total benefits during the

course of the formal hearings. He concluded that further contest of that issue by the plaintiff was precluded by his 1987 finding and award. See footnote 2, supra. We agree that the commissioner's 1987 decision, which became final in 1988, precluded further contest of the issue of temporary total benefits in the subsequent proceeding that is the basis of this appeal.

"The adjudications and awards of compensation boards or commissions, as well as the judgments of courts, in proceedings for the recovery of compensation, are generally held to be conclusive upon the parties and their privies, as to the matters and issues involved or justiciable therein, so as to preclude, under the doctrine of res judicata, the relitigation thereof in subsequent proceedings." 82 Am. Jur. 2d, Workmen's Compensation § 583, p. 304. In 1987, the commissioner determined that the plaintiff's disability was psychiatric in nature and was caused by the cervical surgery performed upon her on February 24, 1982, which surgery was unrelated to her 1979 compensable injury.[3] Consequently, temporary total disability benefits were denied on the basis of an intervening event, unrelated to the compensable injury, which broke the chain of causation linked to the original, compensable injury. See

---

[3] The relevant portions of the May 11, 1987 finding and award are as follows:

"6. The claimant is presently totally disabled due to Post Traumatic Stress Disorder, however both the claimant and the respondents attribute different reasons for her disability.

"7. The claimant contends that her current psychiatric disability is a direct proximate cause of her compensable injury of September 15, 1979, that she has not yet reached maximum medical improvement, that she has outstanding medical bills in excess of $40,000.00 and that she will require ongoing future medical and psychiatric care as a result of said accident; and that she is entitled to all payments retroactive to the time they ceased being paid in late 1982.

"8. The respondents claim that the claimant injured her left arm in 1979, and they paid benefits to the claimant in connection with said injury; that certain treatment rendered to the claimant was unrelated to the left arm

*Dehron* v. *Clark,* 122 Conn. 592, 191 A. 526 (1937); *Lemieux* v. *Highland Dairy Co., Inc.,* 121 Conn. 483, 185 A. 433 (1936); J. Asselin, Connecticut Workers' Compensation Practice Manual (1985), p. 45; 1 A. Larson, Law of Workmen's Compensation (1985) § 13.11 (a).

The plaintiff attempts to avoid the preclusive effect of the prior determination by arguing that, when the review division affirmed the 1987 decision of the commissioner in 1988, there remained several unresolved issues in the case, namely, her entitlement to specific benefits and her entitlement to payment of outstanding medical bills. In fact, in its 1988 opinion, the review division specifically noted that the commissioner "left undecided the other issues, i.e. permanent partial disability, attorney's fees and interest due to unreasonable contest, and acceptance or denial of Form 36."[4]

---

injury of September 15, 1979, which treatment includes, inter alia, cervical surgery; that they are not responsible for any psychiatric treatment or total disability benefits.

"9. Testimony offered by the claimant's daughter and niece indicates that the claimant's mental status changed significantly following the accident.

"10. It is found that the claimant developed a conversion hysteria as a result of said accident, but she was still able to function.

"11. As a result of the cervical surgery, the claimant's personality changed further, she continued to deteriorate, become sadder, do less work around the house than prior to said surgery, and ultimately was diagnosed as suffering from a Post Traumatic Stress Disorder by Dr. J.A. Camacho-Pantoja, a psychiatrist.

"12. It is found that the basis for the claimant's total disability is the cervical surgery performed upon her by Dr. Chamberlin on February 24, 1982.

"13. It is further found that the cervical surgery performed upon the claimant was unrelated to her September 15, 1979 left arm injury, and that such surgery was unjustified insofar as it may relate to said compensable left arm injury."

[4] Form 36 is a notice to the compensation commissioner and the claimant of the intention of the employer and its insurer to discontinue compensation payments. The filing of this notice and its approval by the commissioner are required by statute in order properly to discontinue payments. General Statutes §§ 31-296, 31-296a, 31-300.

At the subsequent proceedings, which are the subject of this appeal, the defendants argued that because they had filed a Form 36 before the com-

The claimant asserts that because these issues remained to be decided, the denial of temporary benefits was not final for purposes of appeal.

The plaintiff's appeal to the compensation review division from the 1987 decision of the commissioner, and the review division's decision in 1988 pertained to the commissioner's decision that concluded that she was not entitled to ongoing temporary total disability benefits. Any further proceedings after the 1988 decision of the compensation review division would not alter the prior determination that the plaintiff's total psychiatric disability was causally related to a noncompensable event and that she was not entitled to temporary total disability benefits after February, 1982. Unlike in *Guinan* v. *Direct Marketing Assn., Inc.,* 22 Conn. App. 515, 578 A.2d 129 (1990), relied on by the plaintiff, the compensation review division did not remand the case to the commissioner for further proceedings. Also, the issues involved in the additional proceedings before the commissioner in 1989 and the appeal therefrom to the review division in 1990 were conceptually distinct from those involved in the initial appeal.

This case is also unlike *Pokorny* v. *Getta's Garage,* 219 Conn. 439, 594 A.2d 446 (1991). There, a prior decision of the compensation review division upholding a workers' compensation commissioner was not deemed to be a final judgment because additional hearings on the issue, which was the subject of the later appeal, were contemplated by the commissioner's original determination. Here, the upholding by the compensation review division of the denial by the commissioner

missioner's initial decision and the commissioner concluded that their liability for temporary total disability benefits had ceased, any Form 36 issue had become moot. The plaintiff did not dispute this, and the commissioner agreed that his prior decision had resolved the issue of the approval of the Form 36.

of temporary benefits was final for purposes of appeal because no further hearings on that subject were envisaged.

Accordingly, the plaintiff's failure to appeal from the 1988 decision of the compensation review division pursuant to General Statutes § 31-301b[5] or to reserve her right to appeal from that decision pursuant to Practice Book § 4002[6] precludes her from now challenging the basis for the 1988 decision. *New Haven* v. *New Haven Police Union Local 530,* 210 Conn. 597, 606–607, 557 A.2d 506 (1989). "Any decision of the compensation review division, in the absence of an appeal therefrom, shall become final after a period of twenty days has expired from the issuance of notice of the rendition of judgment or decision." General Statutes § 31-301a.

Because the issue of the plaintiff's entitlement to temporary total disability benefits was finally and fully resolved in the prior proceedings in 1988, further contest of the issue was precluded in the subsequent proceedings in 1989 and 1990 that are the subject of this appeal. The compensation review division, therefore, properly affirmed the commissioner's refusal to address the issue of the claim for temporary total benefits.

---

[5] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the compensation review division upon any question or questions of law arising in the proceedings may appeal the decision of the compensation review division to the appellate court."

[6] Practice Book § 4002 (a) provides in pertinent part: "A judgment disposing of certain of the issues between the parties . . . in such a manner as to be final but not terminating the litigation . . . may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues . . . . but the party or parties may, at their option, reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes . . . provided, in such a case, that notice of such reserving of appeal shall be filed in the trial court . . . within twenty days after issuance of notice of the rendition of the judgment disposing of part of the issues."

## Outstanding Medical Bills, Attorney's Fees and Interest

The plaintiff next argues that the compensation review division's review of the commissioner's decision regarding payment of medical bills, attorney's fees and interest was fundamentally flawed in that it rested on a misunderstanding of the 1987 findings and award. The review division's 1991 decision which is the subject of this appeal contains the following background discussion: "The May 11, 1987 ruling concluded claimant developed a conversion hysteria due to her left arm injury, and she was granted payment for treatment of that condition until February 24, 1982. On that date, cervical surgery unrelated to the arm injury occurred. This caused worsening of claimant's medical state. *The May 11, 1987 decision did not order payment for treatment of that condition after February 24, 1982.*" (Emphasis added.) The plaintiff argues that this last sentence refers to her psychiatric condition and is directly contrary to the conclusion reached by the commissioner in 1987.[7]

We conclude that the challenged sentence is ambiguous. The "condition" referred to therein could be either the further deteriorated and disabling psychiatric condition that resulted from the cervical surgery or the earlier conversion hysteria that was found to be causally

---

[7] In paragraph fourteen of the 1987 findings and award, the commissioner "found that [the claimant's] conversion hysteria is a condition for which Workers' Compensation benefits may be available, and although not specifically addressed in this matter, there is sufficient evidence for me to conclude that the respondents are liable to provide psychiatric care to the claimant, the full extent of which is limited to such care as will restore her to the point where her mental status was prior to her cervical surgery on February 24, 1982."

In its 1988 decision, the compensation review division made specific mention of paragraph fourteen and required the defendants "to provide psychiatric care sufficient to restore claimant to her mental status before the 1982 cervical surgery."

related to the compensable injury. Only the latter condition was compensable. Because a public official is presumed to have performed his duty properly unless the contrary appears; *Cahill* v. *Board of Education,* 198 Conn. 229, 242, 502 A.2d 410 (1985); *Miller* v. *Miller,* 22 Conn. App. 310, 314, 577 A.2d 297 (1990); we will interpret the sentence to exclude payment for treatment of only the former condition, and not the latter condition as is suggested by the plaintiff. Furthermore, the plaintiff has failed to show that the challenged sentence affected the compensation review division's review of the commissioner's decision or otherwise requires that we remand the matter to the review division for further consideration. See *Boulay* v. *Waterbury,* 27 Conn. App. 483, 486–87, 607 A.2d 450 (1992).

The commissioner denied liability for various medical bills not because of the dates of treatment but because the plaintiff had not shown that the treatment involved was provided by authorized medical providers and was reasonable and necessary in light of her compensable injuries. This is a fact bound determination that we will not disturb on appeal. *Hicks* v. *Department of Administrative Services,* supra. The commissioner further limited the recovery of attorney's fees to those issues on which the plaintiff had prevailed. It is within the commissioner's discretion whether to award a fee and how much to award. See *Balkus* v. *Terry Steam Turbine Co.,* 167 Conn. 170, 179–80 n.8, 355 A.2d 227 (1974); *Menzies* v. *Fisher,* 165 Conn. 338, 349, 334 A.2d 452 (1973).

With regard to the issues of medical bills and attorney's fees, the plaintiff does little more than attack the commissioner's findings of fact. The compensation review division properly reviewed the appeal on the record and did not retry the facts. *Hicks* v. *Department of Administrative Services,* supra. Our review of the record indicates that the review division properly con-

cluded that the commissioner made a reasonable finding and award regarding the medical bills and the attorney's fees based on the evidence presented.

The plaintiff's claim to interest on the medical bills that the commissioner ordered the defendants to pay presents a different matter, however. The commissioner determined that there had been an undue delay by the defendants in the payment of the undisputed bills and in the payments of the undisputed portions of other bills for which they were made liable. This was the basis of the commissioner's discretionary award of attorney's fees pursuant to General Statutes § 31-300.[8] The commissioner failed to award interest on these amounts also after making a finding of delay due to the fault or neglect of the defendants sufficient to justify an award of attorney's fees. Cf. *Pokorny* v. *Getta's Garage*, 22 Conn. App. 539, 542–44, 579 A.2d 98 (1990), rev'd on other grounds, 219 Conn. 439, 594 A.2d 446 (1991). Because the commissioner found that there was a delay due to the fault or neglect of the defendants that warranted a discretionary award of attorney's fees, an award of interest should also have been made. We read the words of § 31-300, "may include in his award interest . . . and a reasonable attorney's fee," to allow a discretionary award of both interest and attorney's fees or neither, but not to allow an award of one and not the other. Accordingly, we must remand the case for a further award of interest pursuant to § 31-300,

---

[8] General Statutes § 31-300 provides in pertinent part: "In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include in his award interest at the rate prescribed in section 37-3a and a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in his award in the case of undue delay in payments of compensation, interest at twelve per cent per annum and a reasonable attorney's fee."

on those medical bills for which the commissioner found payment by the defendants to have been unduly delayed.

### PERMANENT PARTIAL (SPECIFIC) BENEFITS

Both parties correctly recognize that the commissioner has yet to make any findings and award with respect to the plaintiff's entitlement to permanent partial benefits, pursuant to General Statutes § 31-308, for the compensable injury to the plaintiff's left arm. Decision on that issue was specifically reserved in the 1987 findings and award. The subject was not addressed in the 1990 findings and award. Consequently, final administrative determination of claimant's entitlement to these benefits must await further proceedings before the workers' compensation commissioner.

The decision is reversed only as to the failure to award interest and the case is remanded to the compensation review division with direction to calculate the appropriate amount of interest due the plaintiff on the medical bills for which the commissioner found payment by the defendants to have been unduly delayed.

In this opinion the other judges concurred.

