RENATA BLACK *v.* LONDON AND EGAZARIAN ASSOCIATES, INC., ET AL.
(10994)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued November 5, 1992—decision released February 9, 1993

*Judith Rosenberg,* for the appellant (plaintiff).

*Anne Kelly Zovas,* for the appellee (defendant Aetna Life and Casualty Company).

*John F. Slane, Jr.,* and *Francis X. Lennon, Jr.,* filed a brief for the appellee (named defendant).

SCHALLER, J. The plaintiff appeals from a decision of the compensation review division (review division) of the workers' compensation commission. The review division affirmed the dismissal of the claim on its merits by the workers' compensation commissioner. Earlier in the course of the proceedings, the review division had affirmed the commissioner's denial of the plaintiff's motion to preclude. On appeal, the plaintiff asserts that the review division had incorrectly (1) affirmed the commissioner's ruling that the notice of claim was not served personally or by registered or certified mail in accordance with General Statutes § 31-321,[1] (2) affirmed the commissioner's ruling that the plaintiff's notice of claim for compensation did not meet the requirements of General Statutes (Rev. to 1983)

---

[1] General Statutes § 31-321 provides in pertinent part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally *or by registered or certified mail* addressed to the person upon whom it is to be served at his last-known residence or place of business. . . ." (Emphasis added.)

§ 31-294,[2] (3) failed to find that the commissioner improperly refused to allow the plaintiff to present rebuttal testimony, and (4) affirmed the commissioner's conclusion that the death of the plaintiff's husband did not arise out of his employment. We reverse the decision of the review division on the first two issues raised and, thus, do not reach the remaining issues.

The facts necessary to the resolution of this appeal may be summarized as follows. The plaintiff, Renata Black, is the widow of Howard Black, who was employed as a mechanical engineer for the defendant London and Egazarian Associates, Inc. (employer). On October 5, 1984, Howard Black died of sudden cardiac arrest while working in his office at the company's place of business in Greenwich. Although he had suffered from a variety of medical conditions, he had no history of heart disease. He had been suffering from work related mental stress.

By letter dated December 2, 1984, the plaintiff undertook to notify the employer of her intent to claim workers' compensation benefits with regard to the death of her husband. She mailed a letter on her personal stationery from a post office in Tarrytown, New York, where she requested that the letter be sent by certified mail. She paid a fee of $1.55 and was given a certified mail receipt. In the letter addressed to the employer at its place of business the plaintiff stated as follows:

"Dear Bernie: I would like to advise you that I intend to file for Workmen's Compensation with regard to the death of my husband, who died of heart attack while at work on Oct. 5th 1984.

/s/ Renata Black"

[2] General Statutes (Rev. to 1983) § 31-294 provided in pertinent part: "Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury . . . ."

The letter was delivered by a postal service employee to the office of the employer on December 2 or 3, 1984. At that time, Kenneth Beinert, a self-employed consulting engineer who was doing work for the employer, was alone in the office. Although Beinert was working at the receptionist's desk and was answering the defendant's telephone, he was not an employee or authorized representative of the employer. Thus, when the postal worker requested a signature for the delivery, Beinert refused. The postal worker then placed the letter in a box on the receptionist's desk. At the time of the hearing, it was observed that the envelope containing the letter did not bear a certified mail number sticker or any stamp indicating that a return receipt had been requested.[3] The return receipt portion of the green postal card had not been completed.

At the time of the delivery, Bernard London, president of the employer, was out of the country. Upon his return four or five days later, he read the plaintiff's letter. The employer, however, did not issue a notice of intent to contest liability until March 21, 1985. The plaintiff filed a motion to preclude. Formal hearings on this motion were held by the commissioner for the seventh district on November 8, 1985, and April 4, 1986. At the April 4, 1986 hearing, the commissioner denied the plaintiff the opportunity to present either rebuttal testimony on the issue of service or an offer of proof relating to that issue.

The commissioner found that the notice of claim was not served personally or by registered or certified mail and, further, that it did not meet the requirements of § 31-294 in that it was a statement of intention to file a claim for compensation rather than a notice of present claim. The plaintiff appealed to the review division,

---

[3] It appeared that a green residue remained where the certified sticker normally would have been, indicating that a certified sticker, once present, had either fallen off or been removed.

which, on June 29, 1988, affirmed the commissioner's ruling on the issue of service. The review division, thereafter, declined to decide whether the letter was sufficient notice of the present claim to bring into play the preclusion provisions of General Statutes (Rev. to 1983) § 31-297 (b). A hearing before the commissioner on the merits of the claim followed, resulting in a decision that the plaintiff had not sustained her burden of proving that her husband's death arose out of and in the course of his employment. She again appealed the decision to the review division which affirmed. This appeal followed.

I

The plaintiff first claims that the review division incorrectly affirmed the finding of the commissioner that the notice of claim was not served personally or by registered or certified mail. The plaintiff argues that delivery by a postal service employee to the employer's office of the letter, which had been properly deposited at the Tarrytown post office as certified mail, was sufficient to comply with § 31-321. We agree with the plaintiff.

We note at the outset that our resolution of this matter must comport with the well settled standard of review for workers' compensation appeals. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Besade* v. *Interstate Security Services,* 212 Conn. 441, 449, 562 A.2d 1086 (1989). "The compensation review division must review the appeal on the record and must not retry facts." *Hicks* v. *Department of Administrative Services,* 21 Conn. App. 464, 466, 573 A.2d 770, cert. denied, 216 Conn. 804, 577 A.2d 716 (1990); *Imbrogno*

v. *Stamford Hospital,* 28 Conn. App. 113, 118, 612 A.2d 82, cert. denied, 223 Conn. 920, 614 A.2d 82 (1992). Guided by these principles, we hold that the review division and the commissioner have misconstrued the applicable statute and unreasonably interpreted the underlying facts of this case.

The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987). In doing so, "[w]e look first to the plain, unambiguous language of the statute." *Arway* v. *Bloom,* 29 Conn. App. 469, 473, 615 A.2d 1075 (1992). Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute. *Klug* v. *Inland Wetlands Commission,* 30 Conn. App. 85, 90, 619 A.2d 8 (1993).

The critical statute, which concerns the issue of proper service on an employer, is General Statutes § 31-321. Section 31-321 provides in pertinent part that "any notice required under this chapter to be served upon an employer . . . shall be by [inter alia] service personally or by registered or certified mail . . . ." Thus, the statutory language of § 31-321 makes clear that service requirements are met by hand delivery or by registered or certified mail.

In this case, the undisputed facts establish that the letter of notice was mailed from Tarrytown by certified mail with the appropriate postage paid by the claimant. The method of delivery by the postal service employee was consistent with certified mail delivery. The letter was hand delivered to the employer's office and an effort was made to obtain a signed receipt for the letter, despite the fact that the statute does not require a return receipt. Clearly, the letter was not delivered as ordinary mail.

As the plaintiff correctly points out, the absence of a completed return receipt or a certified mail label on the envelope *at the time of hearing* is irrelevant to the issue of delivery by certified mail. The plaintiff mailed the letter in accordance with the statutory direction and in a manner calling attention to its serious nature. The defendants cannot avoid the consequences of ignoring it merely because no responsible agent or employee was present in the office to accept delivery or to attend to the matter once the letter was delivered.

The defendants argue that the evidence supports the commissioner's determination that the notice of claim was not delivered by certified mail. We disagree and conclude that the "subordinate facts" do not support the defendants' contention. As stated, a reviewing court accords broad discretion to a commissioner's factual determinations. *Hicks* v. *Department of Administrative Services,* supra. The subordinate facts of this case, however, do not support the agency's determination but, rather, fully establish that the plaintiff used certified mail in issuing her notice of claim. We, therefore, conclude that the commissioner unreasonably applied the facts to the mandate of § 31-321 and that the review division improperly affirmed this determination.[4]

## II

The plaintiff next claims that the review division improperly affirmed the commissioner's ruling that her December 2, 1984 letter did not constitute a notice of claim for compensation under General Statutes (Rev. to 1983) § 31-294. This contention is predicated on the notion that the commissioner improperly ruled that the

[4] Because we have concluded that the plaintiff properly complied with the certified mail service requirements, we need not discuss her alternate theory based on personal service or the claim that the plaintiff should have been allowed to present evidence or an offer of proof on the service issue.

letter was merely notice of an intent to file for compensation at some future time rather than notice of a present claim. The review division declined to address this matter in view of its conclusion that the letter was not properly served. We must, however, decide this issue in order to determine whether preclusion has occurred in this case.

The governing statute concerning this issue is General Statutes (Rev. to 1983) § 31-294. This statute provided in pertinent part: "Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury . . . . No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given . . . . Such notice may be given to the employer or any commissioner and shall state, *in simple language*, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed." (Emphasis added.)

It is undisputed that the letter in question contained all of the information required by § 31-294. The sole issue in contention is the significance of the word "intend," which the plaintiff used in describing her purpose, i.e., "I . . . *intend* to file . . . ." (Emphasis added.) The commissioner concluded, and the defendants argue, that the use of the word "intend" failed to notify the employer that she was, indeed, giving notice of a present claim but, instead, was merely informing the employer of some future action.

The legislature designed the Workers' Compensation Act to further a remedial purpose. *Dubois* v. *General*

*Dynamics Corporation,* 222 Conn. 62, 67, 607 A.2d 431 (1992). The act's provisions, therefore, "should be broadly construed to accomplish its humanitarian purpose." (Internal quotation marks omitted.) *Hansen* v. *Gordon,* 221 Conn. 29, 33, 602 A.2d 560 (1992). The purpose of § 31-294, in particular, is to alert the employer to the fact that a person has sustained an injury that may be compensable; *Gesmundo* v. *Bush,* 133 Conn. 607, 612, 53 A.2d 392 (1947) (discussing legislative intent underlying predecessor to § 31-294); and that such person "is claiming *or proposes to claim* compensation under the Act." (Emphasis added.) *Rehtarchik* v. *Hoyt-Messinger Corporation,* 118 Conn. 315, 317, 172 A. 353 (1934) (same). Furthermore, the statute's requirement that the plaintiffs use "simple language" when issuing a notice of claim indicates that the legislature intended to facilitate lay persons who pursue their claims without the advice of counsel. *Collins* v. *New Haven,* 210 Conn. 423, 431, 555 A.2d 981 (1989).

Here, the plaintiff's letter of December 2 apprised the employer of her husband's injury and of an imminent claim under the Workers' Compensation Act. The statute did not require the plaintiff to draft her notice with absolute precision. Thus, under the express terms of § 31-294 and our Supreme Court's interpretation of this provision, the plaintiff's notice is adequate.

In the defendants' view, the commissioner reasonably concluded that the substance of the December 2 letter was insufficient for purposes of § 31-294. Again, the defendants ask us to defer to the commissioner as fact finder. While we agree with the defendants' argument that our review of the commissioner's determination is limited; *Imbrogno* v. *Stamford Hospital,* supra; we find that the commissioner's decision conflicts with Supreme Court precedent and the express language of the statute. The commissioner's findings reflect an

incorrect application of the law to the subordinate facts. We conclude, therefore, that the plaintiff's letter of December 2 fully complied with the requirements of § 31-294 and constituted a notice of present claim.

### III

Having concluded that the plaintiff properly served a notice of claim in accordance with General Statutes §§ 31-321 and 31-294, we are inevitably led to the conclusion that the defendants are precluded from contesting the claim by virtue of their failure to file a timely notice of intent to contest in accordance with the provisions of General Statutes (Rev. to 1983) § 31-297 (b). The plaintiff's delivery of the notice of claim by certified mail triggered the running of the twenty day period for contesting liability, and the employer's failure to file a notice of contest within the period resulted in preclusion. Thus, the commissioner improperly denied the plaintiff's motion to preclude.

Our Supreme Court has articulated the underlying purpose of § 31-297 (b) on several occasions. *Dubois* v. *General Dynamics Corporation,* supra; *Castro* v. *Viera,* 207 Conn. 420, 430–31, 541 A.2d 1216 (1988). The court has specifically noted "(1) that employers . . . bear the burden of investigating a claim promptly and (2) that employees [should] be timely apprised of the specific reasons for the denial of their claims. . . ." (Citations omitted; internal quotation marks omitted.) *Dubois* v. *General Dynamics Corporation,* supra. In this case, the defendants must bear the burden of their failure to respond promptly to the plaintiff's notice of claim. We, therefore, hold that the defendants are conclusively presumed to have accepted the compensability of the death of the plaintiff's husband.

We recognize that the effect of the preclusion statute is often harsh. We note further that the legislature has amended the workers' compensation statutes sub-

sequent to the events giving rise to this case by providing a requirement of notice of preclusion to employers. General Statutes § 31-294c (b). Nonetheless, strict adherence to the act's time constraints are essential to effectuate the legislative purpose of "creating a quick vehicle for recovery by the claimant for work related injuries . . . ." *DeAlmeida* v. *M.C.M. Stamping Corporation,* 29 Conn. App. 441, 446, 615 A.2d 1066 (1992), citing *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 540, 494 A.2d 555 (1985).

The decisions of the compensation review division are reversed and the case is remanded with direction to remand the matter to the workers' compensation commission for the seventh district for a new hearing limited to the amount of compensation to which the plaintiff is entitled.

In this opinion the other judges concurred.