DENNIS W. BYARS *v.* WHYCO CHROMIUM COMPANY
(12310)

DUPONT, C. J., HEIMAN and SPEAR, Js.

Argued January 6—decision released March 1, 1994

*Dennis W. Byars,* pro se, the appellant (plaintiff).

*Kevin J. Maher,* with whom, on the brief, was *Scott Wilson Williams,* for the appellee (defendant).

PER CURIAM. The plaintiff brought a worker's compensation claim under chapter 568 of the General Statutes asserting entitlement to compensation benefits, interest and attorney's fees.

The plaintiff appealed to the compensation review board from the compensation commissioner's award, which gave the plaintiff certain benefits and interest, but denied attorney's fees. The board, citing *Imbrogno* v. *Stamford Hospital,* 28 Conn. App. 113, 612 A.2d 82, cert. denied, 223 Conn. 920, 615 A.2d 507 (1992), held that where interest was awarded on a compensation

claim under General Statutes § 31-300,[1] attorney's fees must be awarded. The board stated, however, that it could not properly review the claim for attorney's fees on the record before it and remanded the case to the commissioner for a determination as to whether the plaintiff was represented by counsel for any part of the proceedings and, if so, what fees should be awarded.

A final judgment is necessary for this court to have subject matter jurisdiction. *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993). The scope of the proceedings on remand determines whether the board decision constitutes a final judgment for purposes of appeal. "[I]f such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." *Szudora* v. *Fairfield,* 214 Conn. 552, 556, 573 A.2d 1 (1990).

Evidence will be required on the representation question and any award of attorney's fees rests in the sound discretion of the trier. *Link* v. *Shelton,* 186 Conn. 623, 443 A.2d 902 (1982). The additional proceedings require more than a ministerial act.

The appeal is dismissed for lack of a final judgment.

---

[1] General Statutes § 31-300 provides in relevant part: "In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include in his award interest at the rate prescribed in section 37-3a and a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in his award in the case of undue delay in payments of compensation, interest at twelve per cent per annum and a reasonable attorney's fee. . . ."