## DAVID LIBBY *v.* GOODWIN PONTIAC-GMC TRUCK, INC., ET AL.
### (14661)

Foti, Heiman and Spear, Js.

Argued March 26—officially released July 16, 1996

*Brian E. Prindle,* for the appellants (defendants).

*Robert C. Ruggiero, Jr.*, with whom, on the brief, was *Joseph S. Dobrowolski*, for the appellee (plaintiff).

HEIMAN, J. The defendants[1] appeal from the decision of the workers' compensation review board (review board). The review board affirmed the finding and award of the workers' compensation commissioner for the second district (commissioner). On appeal, the defendants claim that the review board improperly affirmed the commissioner's finding that the defendants (1) were responsible for the payment of the plaintiff's hospital bill, (2) were not entitled to a credit against their workers' compensation liability in the amount of the plaintiff's recovery from a third party and (3) had failed to perfect their statutory rights under General Statutes (Rev. to 1991) § 31-293.[2] We affirm the decision of the review board.

---

[1] The defendants are Goodwin Pontiac-GMC Truck, Inc., the plaintiff's employer, and Helmsman Management Services, Inc., the employer's workers' compensation insurance carrier.

[2] General Statutes (Rev. to 1991) § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer

The following relevant facts are not in dispute. The plaintiff, David Libby, was an employee of the named defendant, Goodwin Pontiac-GMC Truck, Inc., on February 1, 1987, when he was injured in a work-related

within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation', as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one-thousand-dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313."

We note that General Statutes (Rev. to 1995) § 31-293 (a), the current version of that section, contains the following provision: "Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from his employer or its workers' compensation insurance carrier pursuant to the provisions of this chapter, the employer or insurance carrier shall have a lien upon any judgment received by the employee against the third party or any settlement received by the employee from the third party, provided the employer or insurance carrier shall give written notice of the lien to the third party prior to such judgment or settlement." This provision, however, was enacted in 1993, subsequent to the events relevant to the disposition of this case, and consequently, we do not discuss this provision in our resolution of this case.

automobile accident involving a third party.[3] The plaintiff did not file an action against the third party, but, in September, 1989, the plaintiff received a $37,365 settlement from the third party. The defendants were not involved in the settlement, and neither the plaintiff nor the third party paid or promised to pay the defendants any settlement proceeds. The defendants did not file an action against the third party. On July 20, 1990, the plaintiff received treatment for his injury at John Dempsey Hospital and incurred a bill of $2058. The defendants declined to pay the bill, claiming that they were entitled to a credit against their workers' compensation liability in the amount of the plaintiff's settlement with the third party.

The commissioner determined that the defendants were not entitled to a credit in the amount of the plaintiff's settlement, and that the defendants must pay the hospital bill. In making his determination, the commissioner found that the defendants' rights were governed by § 31-293, which entitled the defendants to bring an action against the third party, and that the defendants' failure to bring such an action precluded them from claiming a credit in the amount of the plaintiff's settlement. The review board affirmed the finding of the commissioner.

The dispositive issue governing the defendants' claims is whether they are entitled to a credit against their workers' compensation liability in the amount of the plaintiff's settlement with the third party. The defendants posit that they are entitled to such a credit despite the fact that they did not bring an action against the third party pursuant to § 31-293. The defendants argue that because they are entitled to such a credit, they are not required to pay the plaintiff's hospital bill. We do not agree.

---

[3] The named defendant's insurance carrier accepted the injury as a compensable work-related injury.

We first set forth our standard of review. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989). The compensation review [board] must review the appeal on the record and must not retry facts. *Hicks* v. *Department of Administrative Services*, 21 Conn. App. 464, 466, 573 A.2d 770, cert. denied, 216 Conn. 804, 577 A.2d 716 (1990); *Imbrogno* v. *Stamford Hospital*, 28 Conn. App. 113, 118, 612 A.2d 82, cert. denied, 223 Conn. 920, 614 A.2d 82 (1992). . . . *Black* v. *London & Egzarian Associates, Inc.*, 30 Conn. App. 295, 299–300, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993)." (Internal quotation marks omitted.) *Chute* v. *Mobil Shipping & Transportation Co.*, 32 Conn. App. 16, 18–19, 627 A.2d 956, cert. denied, 227 Conn. 919, 632 A.2d 688 (1993).

The defendants principally rely on *Rosenbaum* v. *Hartford News Co.*, 92 Conn. 398, 103 A. 120 (1918), for the proposition that they are entitled to a credit against their workers' compensation liability in the amount of the plaintiff's third party settlement. In *Rosenbaum*, an employee recovered a monetary settlement from a third party tortfeasor and subsequently sought workers' compensation benefits from his employer. Id., 399. "The Commissioner held that the right of the claimant to compensation under the [Workers' Compensation Act] had been satisfied by the payment made by the [third party] to the claimant of a sum in excess of the statutory compensation, and the Superior Court sustained the action of the Commissioner and dismissed the appeal." Id. The Supreme Court affirmed the judgment of the Superior Court. Id., 403. Subsequent decisions of our Supreme Court,

including *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 528 A.2d 826 (1987), and *Enquist* v. *General Datacom*, 218 Conn. 19, 587 A.2d 1029 (1991), have interpreted *Rosenbaum* and discussed an employer's right to a credit, and we conclude, having examined those cases, that the defendants are not entitled to the credit that they claim.

In both *Skitromo* and *Enquist*, an injured employee commenced an action against a third party tortfeasor and settled the action, and, thereafter, the employer sought to credit the amount of the employee's settlement against its workers' compensation liability. See *Enquist* v. *General Datacom*, supra, 218 Conn. 21–22; *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 487. In *Skitromo*, the Supreme Court denied the employer's claim for a credit in the amount of the employee's settlement; *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 486; whereas, in *Enquist*, the court allowed such a credit. *Enquist* v. *General Datacom*, supra, 21. We next turn to a more detailed discussion of *Skitromo* and *Enquist*.

In *Skitromo*, "[t]he sole issue in [the] appeal [was] whether an employer who is obligated to pay workers' compensation benefits to an injured employee may credit against its future compensation liability the amount recovered by that employee in a third party action despite the employer's *failure to intervene* in the third party proceedings in the manner prescribed by General Statutes § 31-293." (Emphasis added.) *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 485–86. The court held that "the employer's failure to intervene in the third party action deprived it of any interest in the employee's third party recovery, and that the employer, therefore, is not entitled to credit that recovery against its future workers' compensation liability." Id., 486.

The *Skitromo* court stated that *Rosenbaum* and other cases[4] relied on by the defendants in that case for the proposition that "they may credit the net amount received by the plaintiff in the third party settlement against their future workers' compensation liability"; *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 488; "establish *only* that *an employer has a general right to be reimbursed from a third party tortfeasor for benefits paid to an employee for injuries caused by the third party*. This right is established by General Statutes § 31-293, which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance. See *DeSantis* v. *Gaudioso*, 39 Conn. Sup. 222, 223, 476 A.2d 149 (1983); 2A A. Larson, Workmen's Compensation Law § 71.20." (Emphasis added.) *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 488.

The *Skitromo* court further stated that "[t]he defendants attempt to circumvent the requirements of General Statutes § 31-293 by characterizing their claim not as a right to reimbursement from the third party tortfeasor, but as a right to reduce their future payments owed to the injured employee. *The defendants, however, have no such right against an employee either by statute or common law. Norwalk* v. *Van Dyke*, 33 Conn. Sup. 661, 666, 366 A.2d 554, cert. denied, 172 Conn. 681, 364

---

[4] The other cases are *Stavola* v. *Palmer*, 136 Conn. 670, 680, 73 A.2d 831 (1950), *Mickel* v. *New England Coal & Coke Co.*, 132 Conn. 671, 678, 47 A.2d 187 (1946), and *United States Fidelity & Guaranty Co.* v. *New York, N. H. & H. R. Co.*, 101 Conn. 200, 203, 125 A. 875 (1924).

A.2d 864 (1976). *Their sole means to assert any right against the plaintiff's third party recovery was by way of the procedure set forth in § 31-293. By failing to comply with the statutory procedure, any right of the defendants to the plaintiff's third party recovery, including the alleged right to credit that recovery against its future liability, was extinguished."* (Emphasis added.) *Skitromo* v. *Meriden Yellow Cab Co.,* supra, 204 Conn. 489–90.

In *Enquist,* "[t]he sole issue presented [was] whether an employer, who has *properly intervened* in an action by an injured employee against a third party, may set off future compensation claims against the net proceeds that the employee thereafter recovers from the third party tortfeasor." (Emphasis added.) *Enquist* v. *General Datacom,* supra, 218 Conn. 20–21. The court "conclude[d] that such a set off is permitted." Id., 21.

In *Enquist,* the court indicated that its earlier holdings, including the holding in *Rosenbaum,*[5] established "that a recovery against a third party that exceeded the compensation benefits paid, terminated absolutely an employer's obligation to make further compensation payments." Id., 24. The court, construing § 31-293, also stated: "In its 1951 amendment, the legislature provided that an employer had a continuing obligation to provide compensation. The General Assembly, however, made no attempt to alter our earlier construction of the statute, as set forth in *Rosenbaum,* that an employer was discharged from his obligations to the extent of the excess moneys available from a third party recovery. In the absence of any express statutory language or legislative history suggesting that our precedent was to be overruled, we decline to read the 1951 amendment

---

[5] The other cases cited by the *Enquist* court were *Stavola* v. *Palmer,* 136 Conn. 670, 73 A.2d 831 (1950), and *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 47 A.2d 187 (1946). See footnote 4.

of this statute as eliminating an employer's right to a credit to the extent that there are excess proceeds from a third party recovery." Id., 25. The *Enquist* court did not cite *Skitromo* or examine the *Skitromo* court's interpretation of *Rosenbaum* and § 31-293.

Thus, pursuant to the limited holdings of *Skitromo* and *Enquist*, it is clear that where the employee files an action against a third party tortfeasor, the employer *properly intervenes* in that action pursuant to § 31-293, and the employee settles that action, the employer is thereafter entitled to credit the amount of the employee's settlement proceeds against the amount of the employer's future workers' compensation liability. Here, however, the plaintiff did not file an action against the third party tortfeasor prior to settlement, and, thus, the limited holdings of *Skitromo* and *Enquist* are not entirely instructive. We are therefore faced with the task of determining whether an employer is entitled to a credit in the amount of an employee's third party recovery, where the recovery is a result of a settlement and *no action was filed against the third party pursuant to § 31-293*.

Although the limited holdings of *Skitromo* and *Enquist* do not entirely control the present case, we are guided by those holdings and the interpretation of *Rosenbaum* set forth in *Skitromo*, and we conclude that the defendants are not entitled to a credit in the amount of the plaintiff's recovery from the third party settlement. Our reading of *Skitromo* and *Enquist* convinces us that the Supreme Court has been reluctant to allow an employee's third party settlement proceeds to be credited against an employer's subsequent workers' compensation liability where the employer has failed to exercise its rights pursuant to § 31-293. Here, the defendants failed to file an action against the third party pursuant to § 31-293. By failing to do so, "any right of the defendants to the plaintiff's third party recovery,

including the alleged right to credit that recovery against its future liability, was extinguished." *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489–90. Moreover, in comparing both *Skitromo* and *Enquist* to this case, we find that the defendants' failure to exercise their rights pursuant to § 31-293 is most similar to that of the defendants in *Skitromo*. We, therefore, rely chiefly on *Skitromo* and its interpretation of *Rosenbaum* in concluding that the defendants are not entitled to the credit that they claim. Thus, the review board properly affirmed the commissioner's finding that because the defendants did not bring an action pursuant to § 31-293, they were not entitled to a credit and were, consequently, obligated to pay the plaintiff's hospital bill.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.