## WHITE OAK CORPORATION *v.* DEPARTMENT OF CONSUMER PROTECTION
## (5542)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Submitted on briefs June 1—decision released September 8, 1987

*Joseph I. Lieberman,* attorney general, and *Michael A. Arcari* and *Robert M. Langer,* assistant attorneys general, filed a brief for the appellant (defendant).

*Mark A. Rosenblum* and *Robert L. Hirtle, Jr.,* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court sustaining the plaintiff's administrative appeal.

The plaintiff, White Oak Corporation, had contracted with the city of Stamford to perform certain construction work for the city in the downtown area. Under the terms of the contract, the plaintiff was to expand existing intersections, create new intersections and install or improve traffic signals at these intersections. In order for the plaintiff to accomplish the last of these tasks, electrical conduits were laid by the plaintiff's crew of general laborers.[1] These laborers were not licensed by the Connecticut Examining Board for Electrical Work (board),[2] nor did they have any electrical expertise.

On January 8, 1982, the defendant department of consumer protection filed a complaint with the board alleging that the plaintiff was in violation of General Statutes §§ 20-334[3] and 20-337[4] by having its agents

[1] The electrical conduits were two and three inch steel pipes, designed to house the new electrical wiring for the traffic light system. The laborers would dig the needed ditches, lay the pipes in batteries of two or four, encase them in concrete, and then backfill the ditches. At the time of installation, the conduits did not contain any wiring, although the laborers would insert pullstrings in the conduits which enabled the wiring to be installed at a later time. That portion of the job, which entailed the threading of the wiring through the conduits and the final connection of the wires to the system's power source, was to be performed by an electrical contractor engaged by the plaintiff.

[2] The board is within and under the authority of the defendant, the department of consumer protection. General Statutes § 21a-6 (3).

[3] General Statutes § 20-334 provides in pertinent part: "No person shall engage in, practice or offer to perform the work of any occupation covered by this chapter in this state unless he has first obtained a license as provided in section 20-333, or possesses a card of registration from the state apprentice training division or the board and shall be subject to all the regulations established under this chapter for the purpose of governing apprenticeship training or has been issued a license for such particular work under this chapter prior to July 6, 1967. The department of consumer protection shall furnish to each qualified applicant a license certifying that the holder thereof is entitled to engage in the work or occupation for which the person has been issued a license under this chapter, and the holder of such license shall carry it on his person while engaging in such work or occupation."

[4] General Statutes § 20-337 provides: "Nothing in this chapter shall require that the ownership or control of a business engaged in providing

or employees perform electrical work[5] without having a certificate, license or registration to do so.

On February 19, 1982, the board held an administrative hearing, pursuant to General Statutes, chapter 54 (the Uniform Administrative Procedure Act), for the purpose of determining whether the plaintiff was in violation of the aforementioned statutes. On May 14, 1982, at the conclusion of such hearing, the board found for the defendant and thereupon ordered the plaintiff to immediately and permanently discontinue its unlawful practice of performing electrical work within the state of Connecticut without using properly licensed personnel.

In early June, 1982, the plaintiff duly appealed the board's decision to the Superior Court. As in the proceedings before the board, the plaintiff argued that its activities fell within the scope of General Statutes § 20-340 (1),[6] and it was therefore exempt from the licensing provision of chapter 393 of the General Statutes. The trial court, in construing § 20-340, agreed with the plaintiff and sustained the appeal. The defendant now appeals from the Superior Court's judgment, claiming only that the trial court incorrectly construed § 20-340 (1). We agree.

In reaching its decision that the plaintiff was exempt from licensing, the trial court first compared the lan-

---

the work or services licensed under the provisions of this chapter be vested in a licensed person, but all the work and services covered by the definitions set forth in section 20-330 shall be performed by persons licensed for such work or occupation under this chapter."

[5] General Statutes § 20-330 (2) defines "electrical work" as: "the installation, erection, maintenance, alteration or repair of any wire, cable, *conduit,* busway, raceway, support, insulator, conductor, appliance, apparatus, fixture or equipment which generates, transforms, transmits or uses electrical energy for light, heat, power or other purposes." (Emphasis added.)

[6] General Statutes § 20-340 provides in pertinent part: "The provisions of this chapter shall not apply to (1) persons employed by any federal, state or municipal agency . . . (3) employees of any municipal corporation specially chartered by the state of Connecticut . . . ."

guage of § 20-340 (1) to that of § 20-340 (3). The court found that if the definitional phrase "persons employed by" contained in subsection (1) were interpreted to mean "employees," then subsection (3), which specifies "employees," would be made superfluous. Because such a result is disfavored under traditional rules of statutory construction; *Peck* v. *Jacquemin,* 196 Conn. 53, 66, 491 A.2d 1043 (1985); the trial court concluded that the words "persons employed by" must be defined to encompass some group other than "employees." The court then accepted the plaintiff's argument that, as an independent contractor, the plaintiff was not an employee of the city of Stamford, yet because it was being "employed by" the city to perform the needed construction work, it necessarily fell within the scope of § 20-340 (1).

We find the reasoning of the trial court to be erroneous in several respects. First, we conclude that the trial court misconstrued the relevant exemptions contained in § 20-340. Whereas the exemption contained in § 20-340 (1) applies to "persons employed by any federal, state or municipal *agency.*" (Emphasis added.) The exemption contained in § 20-340 (3) applies to "employees of any municipal *corporation.*" (Emphasis added.) Because the entities serving as *employers* in these two subsections are not identical, the trial court's focus on who is to be *employed* was misplaced. In other words, if subsection (1) is interpreted to state that "employees of any federal, state or municipal agency" are exempt from licensing, that construction has no effect on the natural reading of subsection (3) exempting "employees of any municipal corporation."[7]

---

[7] That there is indeed a difference between a municipal corporation and an agency (be it state, federal or municipal) merits but a brief discussion. In Connecticut, towns and cities are not considered agencies of the state. *Bridgeport* v. *Agostinelli,* 163 Conn. 537, 550, 316 A.2d 371 (1972). These same towns and cities may, however, be specially chartered by the state as municipal corporations. See, e.g., *Stamford* v. *Stamford,* 107 Conn. 596,

We also find error in the trial court's determination that an independent contractor can be exempted from licensing pursuant to § 20-340. It is axiomatic that contractors or independent contractors are not employees of the party for whom they are performing specific work under a specific agreement. The legal incidents of the relationships between an employer and an employee or independent contractor are well established. *Lassen* v. *Stamford Transit Co.*, 102 Conn. 76, 79–82, 128 A. 117 (1925). "In *Alexander* v. *R.A. Sherman's Sons Co.*, 86 Conn. 292, 297, 85 A. 514 [1912], we adopted the definition that '[a]n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work.' This definition has been amplified in subsequent cases but at no time has the basic principle been altered. See *Francis* v. *Franklin Cafeteria, Inc.*, 123 Conn. 320, 324, 195 A. 198 [1937]. . . . 'The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work.' *Beaverdale Memorial Park, Inc.* v. *Danaher*, 127 Conn. 175, 179, 15 A.2d 17 [1940]; see *Kaliszewski* v. *Weathermaster Alsco*

598, 141 A. 891 (1928). Also, territorial subdivisions within a town or city can be made municipal corporations. Id.; *Sachem's Head Property Owners' Assn.* v. *Guilford,* 112 Conn. 515, 517–18, 152 A. 877 (1931). An agency, on the other hand, is commonly an administrative division of the governmental entity which is created to carry out a specific function, for example, on a local level, a park department or a school board; or, on a state level, the department of transportation or the department of public works.

The trial court's failure to recognize this difference in the entities providing the employment leads to the anomalous result that an employee of a city chartered as a municipal corporation would be exempt from licensing under General Statutes § 20-340, but an employee of that same city's park department would not be exempt. In interpreting statutory language, we must assume that a reasonable and rational result was intended. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1836 (1975). The trial court's interpretation of § 20-340 (1) does not yield such a result.

*Corporation,* 148 Conn. 624, 628, 173 A.2d 497 [1961]; *Bourgeois* v. *Cacciapuoti,* 138 Conn. 317, 320–21, 84 A.2d 122 [1951]; *Norwalk Gaslight Co.* v. *Norwalk,* 63 Conn. 495, 524, 28 A. 32 [1893]." *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 195–96, 292 A.2d 912 (1972); see also *Spring* v. *Constantino,* 168 Conn. 563, 573–74, 362 A.2d 871 (1975). There seems to be no dispute that the plaintiff was, in fact, a contractor and not an employee.

In addition, if we were to accept the plaintiff's argument that, even as an independent contractor, he was employed by the city, the purpose of the statutory licensing requirements would be undermined. When construing a legislative act, it is incumbent on us to consider "its history, its language, the purpose it is designed to serve and the circumstances surrounding its enactment." *Bahre* v. *Hogbloom,* 162 Conn. 549, 554, 295 A.2d 547 (1972).

Prior to 1965, occupational licensing of various trades in Connecticut was done by municipal ordinances promulgated under local law. See Tenth Connecticut Biennial Report, Legislative Council (1962) p. 85. A study included in that report indicated a need for uniform licensing laws; see id., p. 79; to which the General Assembly responded by enacting Public Acts 1965, No. 493 (now codified in General Statutes, chapter 393). At the time of that enactment, only three licensing exemptions were provided.[8]

In 1967, an additional exemption was provided for "employees of any contractor while said contractor is performing work for or subject to inspection by any federal, state or municipal agency or corporation other than a municipal building department, or any public

---

[8] The three exemptions listed in the 1965 act are roughly equivalent to subsections one, two and six of General Statutes § 20-340 as it currently exists. See Public Acts 1965, No. 493, § 9.

service company." Public Acts 1967, No. 789, § 12. This modification was clearly intended to create an exemption where theretofore none had existed, and, by its terms, would have provided an exemption for the plaintiff in this case.[9] This exemption, however, was repealed in 1975. See Public Acts 1975, No. 75-464.

The fact that there was at one time an express licensing exemption for the employees of contractors working for a municipal agency or corporation, coupled with the fact that this exemption was retracted more than ten years ago, leads to the inescapable conclusion that the legislature did not intend § 20-340 (1) to provide an exemption for independent contractors.[10]

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment dismissing the plaintiff's appeal.[11]

In this opinion the other judges concurred.

---

[9] The plaintiff acknowledges in its brief that its activities were monitored by the department of traffic and parking of the city of Stamford.

[10] The legislative history of the 1975 act which repealed the independent contractor exemption clearly reflects an understanding of what the result of that repeal would be: "[w]hat this bill does effectively is require contractors to be licensed when they work on Federal, State and municipal buildings. Heretofore, they have been exempt from that requirement. What the bill does is require them to do that." 18 H.R. Proc., Pt. 11, 1975 Sess., p. 5277, remarks of Rep. Wilda S. Hamerman.

[11] The plaintiff informs us in its brief that various claims of error were presented to the trial court in the plaintiff's appeal from the board's decision, but that, in light of the trial court's ruling on General Statutes § 20-340, these additional grounds were not considered. If the plaintiff had wished to present these claims of error to persuade us to grant a new trial rather than order judgment dismissing the plaintiff's appeal in the event of a successful appeal by the defendant, the proper procedure would have been to file a preliminary statement of issues pursuant to Practice Book § 4013 (a) (1), and to include arguments on these matters in its brief. Because the plaintiff has failed to do either, we decline to consider the plaintiff's additional issues. See *Huybrechts* v. *Huybrechts*, 4 Conn. App. 319, 320 n.1, 494 A.2d 593 (1985); *Travelers Ins. Co.* v. *Hendrickson*, 1 Conn. App. 409, 411 n.3, 472 A.2d 356 (1984).