[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS (1) SET-OFF; (2) FOR ORDER CONCERNING CALCULATIONS, COSTS AND TAXES; (3) TO STAY EXECUTION-PARTIAL; AND, (4) TO VACATE EXECUTION
This case had gone to judgment, which judgment had been appealed to the Appellate Court, where a verdict and judgment in favor of the plaintiff on the complaint and on the defendant's counterclaim was affirmed. See, Claire Friedlander v. Henry Friedlander, 24 Conn. App. 833 (1991).
The plaintiff has caused an execution to issue on July 31, 1991, in the amount of $56,982.63, which included that judgment, together with costs and post judgment interest at the rate of 10% per annum.
The defendant has filed amended motions requesting that this court order a set-off for $51,047.95, so that the defendant might be compensated for plaintiff's holdover in a family home since April 25, 1987, and for costs in another action which the defendant claims is owed to him.
The defendant has also filed a motion to stay execution partially in the amount of $51,047.95 until the motion for set-off could be fully litigated.
The defendant has also filed a motion to vacate the execution because he was served with only partially complete photocopies of the execution.
Finally, the defendant has filed a motion for an order that the plaintiff provide him with calculations of interest and costs CT Page 8727 previously supplied him and for insurance costs and taxes on the property in issue to assist in computing exactly his claimed setoff.
The defendant seeks to set-off "credits" for which he claims entitlement by way of rent and interest for the plaintiff's continued occupancy of the family home at Lolly Lane in Stamford. He appears to claim the property should have been sold, pursuant to a separation agreement entered into by the parties in connection with a dissolution action, when their youngest child reached majority.
The defendant claims that since the judgment in the present case arose as a result of a breach of another provision in the same agreement in which the obligation to sell the home was fixed, the proposed set-off is a cross debt in the same capacity and right and of the same kind and quality. General Consolidated Ltd. v. Rudnick Sons, Inc., 4 Conn. Cir. 581 (1967); Shippee v. Pallotti, Andretti Co. Inc., 114 Conn. 560 (1932). He asserts that one may set-off rights under the same contract. Schaefer v. O.K. Tool Co., Inc., 110 Conn. 528 (1930). He urges that the policy of the law is always to prevent unnecessary litigation and, if adjustments of mutual claims can be done, they should be done. Avery v. Brown, 31 Conn. 398 (1963).
The plaintiff responds that set-off is clearly to be governed by the set-off statutes, C.G.S. 52-139, et seq. A reading of these statutes and the case law clearly indicates that any set-off to which a party is entitled must be pleaded in the same case which gives rise to the opposing party's rights. General Consolidated Ltd. v. Rudnick Sons. Inc., 4 Conn. Cir. 581, 586 1967).
It is difficult to ascertain from these motions if the defendant is asserting what might be designated as a counterclaim, or as a legal set-off, or as an equitable set-off, or as merely a recoupment. Be that as it may, it is clear from the statutes, the practice book and the case law, that the issue of a counterclaim, set-off, or recoupment must be raised and pleaded in a pending case.
"The policy of the law is always to prevent unnecessary litigation, and where in a pending suit entire justice can be done to both of the parties before the court, by the ascertainment and set-off of their mutual claims against each other, without a violation of any of the settled rules or forms of law, such set-off ought always to be made." Avery v. Brown, 31 Conn. 398, 401
(1863).
"In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of set-off, against the plaintiff's demand, he may have the benefit of any such set-off or CT Page 8728 counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers." P.B. Sec. 168. See, Petti v. Balance Rock Associates,12 Conn. App. 252, 362, 530 A.2d 1083 (1987).
That the defense must be raised in a pending case is true for recoupment — keeping back something which is due, because there is an equitable reason to withhold it. Genovese v. J.N. Clapp Co.,4 Conn. App. 443, 446, 495 A.2d 1079 (1985).
The issues in this action are no longer pending since final judgment has been rendered and affirmed.
The plaintiff also points out that the matters proposed to be raised by the defendant were already raised in the second count of his counterclaim but that the second count of the counterclaim was previously dismissed.
Finally, the plaintiff has alerted the court to the fact that these very same claims were raised as a set-off allegation in DN FA 68 11915, Claire Friedlander v. Henry Friedlander, Judicial District of Stamford/Norwalk, in a domestic action between the parties. There, the court, Coppeto, J., held that it was premature to raise there issues before the house in question was sold and the parties might then adjust their mutual claims when the issue of the division of the proceeds arose. Such a resolution would appear to be the best procedure to avoid unnecessary litigation and attempt to achieve equity for both parties.
Because this case is no longer a "pending" matter, because the issues decided in the present case did not appear to involve the parties' claims with regard to the proceeds from the disposition of the real property, and because the adjustments the defendant seeks can better be resolved upon the sale of the house and the distribution of the proceeds, the defendant's motion for set-up and for partial stay of execution are denied.
The defendant has presented to the court no valid basis upon which the remaining motions should be granted and these motions are also denied.
NIGRO, J.