DIANA CHUTE *v.* MOBIL SHIPPING AND
TRANSPORTATION COMPANY ET AL.
(11725)

HEIMAN, FREEDMAN and SCHALLER, Js.

Argued May 10—decision released July 13, 1993

*Jeffrey D. Ginzberg,* for the appellant (plaintiff).

*Augustus R. Southworth III,* with whom, on the brief, was *Kathy S. Bower,* for the appellees (defendants).

SCHALLER, J. The plaintiff appeals from a decision of the compensation review board (review board) of the workers' compensation commission affirming the commissioner's denial of benefits. The sole issue in this appeal is whether the commissioner properly determined that the decedent, Richard Chute II, was not an employee for purposes of Connecticut's Workers' Compensation Act. General Statutes § 31-275 et seq. We affirm the decision of the review board.

The facts necessary to the resolution of this appeal may be summarized as follows. From 1983 until his death in May, 1985, the decedent provided services to the defendant Mobil Shipping and Transportation Company. Through several independent consulting firms, including Richard Chute II and Associates, the decedent contracted with Mobil and provided services as a marine engineer. The various consulting firms with which the decedent was associated billed Mobil on a per diem basis. Federal income tax returns filed jointly by the decedent and his wife, the plaintiff, indicated that in the years 1983 through 1985, the decedent, a marine engineer, was doing business as Richard Chute II and Associates.

In the course of his relationship with Mobil, the decedent did not receive employee benefits. Mobil did not

withhold federal income or social security taxes from the decedent's compensation. While Mobil provided office space for the decedent, it did not provide him with drafting instruments and texts. Moreover, Mobil did not prohibit the decedent from providing services to other clients. Although his principal client undoubtedly was Mobil, the decedent in fact performed similar services for others.

In May, 1985, a project manager for Mobil was scheduled to give a presentation to an affiliate in London, England. Because the decedent had worked on the project, the decedent attended the presentation. Upon his return from England he rented a car in New York and proceeded in the direction of his home in Connecticut. On his way home, tragically, the decedent lost control of the car, struck an oncoming car, and died.

Diana C. Chute, the decedent's widow, brought a claim for workers' compensation benefits against Mobil. The commissioner dismissed the claim reasoning that "the decedent's relationship with [Mobil] was that of an independent contractor, and not that of an employer and employee." The review board affirmed the commissioner's decision, and this appeal followed.

The plaintiff argues that the review board improperly upheld the commissioner's determination that no contract of employment existed between the decedent and Mobil. She posits that, because the decedent was not an independent contractor but an employee of Mobil, the provisions of the Workers' Compensation Act are applicable. We disagree.

We note at the outset that our resolution of this matter must comport with the well settled standard of review for workers' compensation appeals. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from

an inference illegally or unreasonably drawn from them. . . . *Besade* v. *Interstate Security Services,* 212 Conn. 441, 449, 562 A.2d 1086 (1989). The compensation review [board] must review the appeal on the record and must not retry facts. *Hicks* v. *Department of Administrative Services,* 21 Conn. App. 464, 466, 573 A.2d 770, cert. denied, 216 Conn. 804, 577 A.2d 716 (1990); *Imbrogno* v. *Stamford Hospital,* 28 Conn. App. 113, 118, 612 A.2d 82, cert. denied, 223 Conn. 920, 614 A.2d 82 (1992)." (Internal quotation marks omitted.) *Black* v. *London & Egazarian Associates, Inc.,* 30 Conn. App. 295, 299–300, 620 A.2d 176, cert denied, 225 Conn. 916, 623 A.2d 1024 (1993).

General Statutes § 31-284 (a) of our Workers' Compensation Act provides in part that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees . . . . " "Because only employees are entitled to compensation under the act, it is clear that coverage must arise from a contract of employment, either express or implied." *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 38, 522 A.2d 1235 (1987).

Our courts have long recognized that independent contractors are not within the coverage of the Workers' Compensation Act. *Panaro* v. *Electrolux Corporation,* 208 Conn. 589, 603–604, 545 A.2d 1086 (1988) (because the defendant was not an independent contractor but a fellow employee, Workers' Compensation Act provided exclusive remedy for plaintiff); *Bourgeois* v. *Cacciapuoti,* 138 Conn. 317, 84 A.2d 122 (1951) (the plaintiff was an independent contractor and thus not entitled to workers' compensation). "The determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in

the absence of controlling considerations, is a question of fact. . . ." (Citations omitted; internal quotation marks omitted.) *Latimer* v. *Administrator,* 216 Conn. 237, 249, 579 A.2d 497 (1990). " 'The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work.' " Id., 248, quoting *Beaverdale Memorial Park, Inc.* v. *Danaher,* 127 Conn. 175, 179, 15 A.2d 17 (1940); see also *Panaro* v. *Electrolux Corporation,* supra, 604; *White Oak Corporation* v. *Department of Consumer Protection,* 12 Conn. App. 251, 255, 530 A.2d 641 (1987). For purposes of workers' compensation, an independent contractor is defined as "one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. . . ." (Citations omitted; internal quotation marks omitted.) *Spring* v. *Constantino,* 168 Conn. 563, 573, 362 A.2d 871 (1975); *Panaro* v. *Electrolux Corporation,* supra.

In this case, the commissioner found that Mobil had no right to control or direct the decedent's work. On this basis, the commissioner concluded that the decedent was an independent contractor and dismissed the plaintiff's action. We are satisfied that the subordinate facts amply support the commissioner's finding.

The decedent performed services as a consultant while associated with several independent consulting firms. He drew on his highly specialized background and utilized much of his own equipment to formulate his own feasibility studies and stability calculations. In this capacity, the decedent principally advised Mobil. Nothing in his agreement with Mobil, however, precluded the decedent from engaging in business with other clients. Moreover, the decedent held himself out

as an independent contractor, using a separate letter-head and doing business under various firm names, none of which included that of Mobil.

In light of the foregoing, we conclude that the subordinate facts support the commissioner's determination that the decedent was an independent contractor for purposes of the Workers' Compensation Act. It follows inescapably that the decedent was not an employee of Mobil and that the plaintiff was not entitled to benefits under the act. Because the conclusions drawn by the commissioner reflect an appropriate application of the law to the subordinate facts, the review board properly affirmed the decision of the commissioner.

The decision of the review board is affirmed.

In this opinion the other judges concurred.