[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPEAL FROM THE BOARD OF REVIEW OF THE EMPLOYMENT SECURITY APPEALS DIVISION
The plaintiff-appellant, AAD Vantage of South Central Connecticut, Inc., appeals from a decision of the Employment Security Board of Review upholding the decision by the defendant, Administrator, Unemployment Compensation Act, that the plaintiff's salespersons were employees within the meaning of the Connecticut Unemployment Compensation Act.
The plaintiff appeals on three grounds. First, the plaintiff maintains that the Board of Review incorrectly determined that Thomas DeMorro was an employee of the plaintiff after a stipulation before the Appeals Referee that DeMorro was not an employee. Second, the plaintiff argues that the Board of Review's decision with regard to six employees is not supported by the evidence and must be reversed. Third, the plaintiff argues that a finding that it controlled and directed the salespersons misrepresents the facts and relevant unemployment compensation laws. CT Page 10048
The Appeals Referee, at a de novo hearing on the appeal from the Administrator's decision, found the following facts which were adopted by the Board of Review. The plaintiff appealed the determination of the Administrator's representative, Carol Reardon, that some of the plaintiff's sales representatives were employees of the company rather than independent contractors. Prior to the appeal, the parties attended an informal predetermination hearing where it was agreed that Reardon would contact the salespeople involved to determine if they actually were independent contractors.
The salespersons employed by the plaintiff signed an agreement to secure customers who would enter into direct mail advertising agreements with the plaintiff. The salespersons solicited customers who would advertise in agreed upon territories. Under the signed agreement, however, the salespersons were not restricted from securing customers who desired to advertise in other territories.
Additionally, under the agreement, the salespersons were required to successfully complete a two week training period. The plaintiff reserved the right to establish reasonable criteria to determine whether the salespersons were using their best efforts to secure customers. The salespersons were paid on a commission basis, and the commission policy was made a part of the hiring agreement.
The plaintiff provided promotional materials to the salespersons to aid them in their solicitation efforts. Prospective customers were required to sign agreement forms provided by the plaintiff. The salespersons could not make any warranties or representations, and orders were not binding until approved by the plaintiff. Customer payments were made directly to AAD Vantage rather than to the salesperson who secured the customer. Commissions were paid only when payments were actually received by AAD Vantage.
The employment agreement indicated that the salespersons were "independent contractors." Salespersons were hired by word or mouth, newspaper advertisements, and direct application. They did not have set hours; however, the plaintiff did provide business cards, desk space and phone service to them. The plaintiff did not withhold social security taxes, nor did it pay for travel, lodging, meals, tips, or transportation expenses. The agreement required the salespersons to be available for home office CT Page 10049 meetings and advertising layout work at the office. Under the agreement, the salespersons were not permitted to divulge trade secrets and proprietary information regarding the plaintiff.
Under the agreement, the plaintiff also retained the right to terminate the salespersons. A salesperson could be terminated for failure to sell or perform his duties. A salesperson could also be fired for any act detrimental to the plaintiff's name or reputation. The plaintiff retained the right to determine whether a salesperson was adequately performing his duties. If terminated, a salesperson was required under the agreement to return all materials supplied by the plaintiff.
While the plaintiff did present evidence regarding two salespersons to demonstrate that they fit the test of independent contractors, the appeals referee ruled against the plaintiff. The appeals referee found that the plaintiff did not show that any of the salespeople met the established criteria for independent contractor status. On November 30, 1995, the decision of the Appeals Referee was upheld by the Board of Review. On January 2, 1996 the plaintiff filed an appeal of the decision of the Board of Review with the Superior Court.
 I
Where an administrative appeal, pursuant to § 31-249b, General Statutes, concerns findings of fact, a court may only review the record certified and filed by the Board of Review.Mattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 276 (1996); United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385 (1988). "The court must not retry facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." MattatuckMuseum-Mattatuck Historical Society v. Administrator, supra,238 Conn. 273, quoting United Parcel Service. Inc. v. Administrator, supra, 209 Conn. 385. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion.Mattatuck Museum-Mattatuck Historical Society v. Administrator, supra, 273. The court's jurisdiction is particularly limited if, as in this case, a motion to correct the findings is not filed. CT Page 10050
Petela v. Administrator, 33 Conn. Sup. 119, 121 (1974).
 II
At issue here is whether the people in question are employees as a matter of statutory law, not as a matter of common law. General Statutes § 31-222 (a)(1)(B) (ii) states that a provider of services is considered to be an employee for purposes of the Unemployment Compensation Act unless the petitioner establishes that the provider of the services was free from the recipient's control and direction in connection with the performance of those services, that the services were performed outside of the recipient's usual course or place of business and, that the provider is customarily engaged in an independently established trade, occupation or business of the same nature as the services provided to the recipient. Latimer v. Administrator,216 Conn. 237, 246-47 (1990). These criteria are collectively known as the "ABC test." Id., 246. To demonstrate that an individual or company is not an employer and therefore has no liability for unemployment taxes under the act, a recipient of services has the burden of proving that the criteria of the ABC test is satisfied. Id. "The test is conjunctive; all parts must be satisfied to exclude an employer from the Act." Id., 247.
The plaintiff's argument that the Board of Review's decision was not supported by evidence misconstrues the burden of proof required under the ABC test. Under Part A of the ABC test, to satisfy the statute that salespersons are independent contractors, the plaintiff bears the burden of showing that the salespersons "have been and will continue to be free from control and direction in connection with the performance of such service, both under [their] contract . . . and in fact." Latimer v.Administrator, supra, 247; General Statutes § 31-222 (a)(1) (B) (ii) (I).
"The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work. . . . The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent. . . . An employer-employee relationship does not depend upon the actual exercise of the right to control. The right to control is sufficient." Latimer v.Administrator, supra, 216 Coral. 248. CT Page 10051
"The determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in the absence of controlling considerations, is a question of fact." Latimer v. Administrator, supra, 249. Exemptions to the unemployment compensation statute, however, are to be strictly construed. Daw's Critical Care Registry, Inc. v. Department ofLabor, 42 Conn. Sup. 376, 389 (1992), aff'd, 225 Conn. 99 (1993). Our courts have held that an independent contractor is "one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." Id., 391-92.
The record demonstrates that the plaintiff exercised control or had the right to exercise control, over the salespersons so as to render them employees for purposes of General Statutes §31-222 (a)(I)(B) (ii). It is not disputed that under the employment contract, the plaintiff and a salesperson agreed that the individual was an "independent contractor." However, "[l]anguage in a contract that characterizes an individual as an independent contractor [rather than an employee] is not controlling. . . . Such provisions in a contract are not effective to keep an employer outside the purview of the act when the established facts bring him within it." Latimer v.Administrator, supra, 216 Conn. 251-52.
The facts developed before the Appeals Referee, and adopted by the Board of Review, tend to establish that the plaintiff had the right to sufficient control over its salespersons to render them employees within the purview of § 31-222 (a)(1)(B). The salespersons did not have "any significant investment in the materials or tools necessary to perform their job. Any needed equipment or materials were furnished by the plaintiff." Latimerv. Administrator, supra, 216 Conn. 250. For instance, although the salespersons had no set hours and were referred to as independent contractors, they were provided with business cards, order forms, desk space, and telephone service by the plaintiff. "When it is the employer who [furnishes materials or equipment], the inference of right of control in the employer is a matter of common sense and business. . . ." Daw's Critical Care Registry,Inc. v. Department of Labor, supra, 42 Conn. Sup. 395-96.
Control can also be inferred from the contract clause that provides for giving the salespersons training prior to receiving CT Page 10052 their territory assignments. See Daw's Critical Care Registry,Inc. v. Department of Labor, supra. 42 Conn. Sup. 396 (finding further indication of lack of control because employer did not conduct orientation nor did it prepare manual of instruction for independent contractors). The hiring agreement between the plaintiff and Natalie Ford, a former salesperson and current full-time employee, stated: "It is our intention that you concentrate your effort in securing customers that will advertise in the agreed upon territories, although you are not restricted from securing customers desiring to advertise elsewhere. For territories to be agreed upon refer to enclosure B. Enclosure Bto be in effect upon successful completion of a training periodof approximately two weeks. . . ." (Emphasis added.)[1]
In addition to supplying necessary materials and training, sales meetings were also conducted. The company president, Warren Banks, testified that the salespersons "were not required to attend sales meetings . . . if it interferes with any of their sales whatsoever on the outside." To aid with sales, the salespersons were provided with potential customer lists. Clearly, the plaintiff had an interest in the number of clients that each salesperson secured. The plaintiff's business does not exist independently of its salespersons; rather, the plaintiff's income is dependent on the salespersons securing sales.
While the salespersons worked on a commission basis and no social security taxes were withheld, commissions were not paid to salespersons until the clients paid the plaintiff. Banks also testified that the salespersons' commissions were set according to fee structure established by the plaintiff. Such a set fee scale is not consistent with a designation of a service provider as an independent contractor.[2]
The salespersons also had some freedom of choice as to where they solicited customers in that they could go outside of the agreed upon territories. However, they could not bind the plaintiff in any contract or agreement without approval by the plaintiff. The salespersons were required to utilize the plaintiff's order forms and submit those forms to the plaintiff, and they were not authorized to collect any money from the clients that they secured.
Most important, the plaintiff retained the right to terminate a salesperson if he was not using his best efforts to secure customers; and the plaintiff retained the right to establish CT Page 10053 criteria to determine what constituted a salesperson's "best efforts." While not necessarily dispositive as to an individual's employment status, the retention of the right to discharge is a "strong indication" that the plaintiff's relationship with the salespersons was one of employment. Latimer v. Administrator, supra, 216 Conn. 249; see also Daw's Critical Care Registry v.Department of Labor, supra, 42 Conn. Sup. 393-94. Our Supreme Court has stated: "The right to terminate [an employment] relationship without liability is not consistent with the concept of an independent contract." Latimer v. Administrator, supra, 249. The sum total of these facts tend to establish that the salespersons were employees under the statute rather than independent contractors.
An Appellate Court case, Chute v. Mobil Shipping Transportation Co., 32 Conn. App. 16, 20-21, cert. denied,227 Conn. 919 (1993), supports this interpretation. In Chute, a decedent's widow argued that he was an employee and that his estate was entitiled to his workers' compensation benefits. The Appellate Court affirmed a review board's determination that the decedent was an independent contractor rather than an employee. The decision was premised largely on the fact that the decedent was associated with several independent consulting firms while performing services for the defendant-employer: the decedent drew on his highly specialized background and utilized much or his own equipment to formulate feasibility studies and stability calculations; and nothing in his agreement with the defendant-employer precluded the decedent from engaging in business with other clients. Chute v. Mobil Shipping Transportation Co., supra, 32 Conn. App. 20. Most notable, however, "the decedent held himself out as an independent contractor, using a separate letterhead and doing business under various firm names, none of which included that of [the employer-defendant]." Id., 20-21. The facts in this case do not rise to the level spelled out in the Chute case.
 III
The plaintiff argues that the Board of Review incorrectly found that one salesperson, Thomas DeMorro, was an employee of the appellant. Like the decedent in Chute, the plaintiff urges that Mr. DeMorro be considered an independent contractor in terms of the C prong of the ABC test. Mr. DeMorro "testified in detail that he was engaged in numerous other sales activities which demonstrate that he was customarily engaged in an independently CT Page 10054 established business as a sales representative." Mr. DeMorro "sold advertising for Synergy [an advertising company that he formed] . . . sold real estate for The Beasley Company . . . [and] worked as a sales representative for his father's tabloid graphics business. . . ."
The plaintiff strenuously argues that Mr. DeMorro should not be considered an employee because the stipulation secured by the Appeals Referee should conclusively establish his status. The plaintiff also argues that the Board of Review's decision that this stipulation is not binding is erroneous. The court does not agree.
The Appeals Referee did accept a stipulation by the Administrator's representative that Mr. DeMorro was not an employee. As the Board of Review correctly noted in its decision, however, "[t]his evidence goes to the `C' prong of the ABC test. . . . [A]n individual's service would not be exempt from employment unless all three prongs of the ABC test were satisfied." Moreover, the Board, on appeal from the Referee, draws its own conclusions based on the facts, and is not bound by the conclusions of the Referee. Because Mr. DeMorro was found not to have satisfied the A prong, the plaintiff did not satisfy the three prongs of the ABC test, and this court cannot hold that the Board's findings were arbitrary or illegal.
 IV
The plaintiff argues that he was given inadequate and untimely disclosure of the names of six of its employees. This argument is not persuasive. The plaintiff bore the burden of disproving that the salespersons were employees. Since the Administrator's determination was based upon the plaintiff's records regarding its present and former employees, the plaintiff probably could have discovered which salespersons were of questionable status. If this burden was too onerous however, the plaintiff could have requested a definitive statement from the Administrator or requested a continuance before the Appeals Referee to force the Administrator to specify the employees' names. It is difficult to believe that the plaintiff could not have diligently discovered which salespersons were being examined since the plaintiffs accountant provided the Administrator with the relevant information. They could then have been subpoenaed and cross examined by counsel pursuant to hearing regulations. While earlier disclosure would have been preferable, the CT Page 10055 Administrator was proceeding without counsel in an administrative proceeding where procedural rules are often relaxed. Moreover, there were as indicated, remedies available to the plaintiff.
This court cannot fault the Board's findings. The ABC test is conjunctive and all three prongs must be met to create an exemption. The plaintiff did not meet its burden of proof respecting this issue. No evidence was presented demonstrating under all prongs of the ABC test that any of the salespersons were independent contractors. Accordingly, the plaintiff-appellant's appeal is dismissed.[3]
Samuel S. Freedman Judge Trial Referee