[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#114)
I. Factual and Procedural Background
CT Page 6141
The plaintiff, John D. Spiwak, filed suit on December 8, 1997 against the defendant, Daniel Gassner d/b/a DGC, alleging negligence. Spiwak alleges that he was hired by Gassner to do carpentry and roofing work on a home under construction in Killingworth, Connecticut. He claims that as a result of Gassner's negligence, he proceeded onto the roof of the home at the job site in an effort to remove snow, and slipped and fell sustaining serious injuries. For the reasons stated below, Gassner's motion for summary judgment is denied.
Prior to filing this suit here, Spiwak filed a claim under the Workers' Compensation Act pursuant to General Statutes § 31-275 et seq. After a formal hearing, the workers' compensation commission issued its findings and dismissed Spiwak's claim. The review board affirmed the findings and decision of the commission.
Subsequently, Spiwak filed suit against Gassner sounding in negligence. He alleges that he was hired by Gassner to do roofing work; was instructed by Gassner to clean snow off a roof; and while he was doing so; he slipped and fell sustaining serious injuries. He alleges that Gassner was aware, or should have been aware, of the structure of the roof, the amount of snow and ice on it, and the dangerous condition it presented. He alleges that the incident was the direct and proximate result of Gassner's negligent and/or careless acts and/or omissions.
On September 7, 1999, Gassner filed a motion for summary judgment and supporting memorandum of law arguing that all of the material facts necessary for a determination of Spiwak's suit sounding in negligence have already been established during the workers' compensation forum. Gassner argues that he is entitled to judgment as a matter of law because claim or issue preclusion forecloses this court from re-litigating the same facts. Spiwak filed an objection and supporting memorandum of law; Gassner filed a reply.
For the reasons discussed below, Gassner's motion for summary judgment is denied.
II. Standard of Review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, CT Page 6142 381, 713 A.2d 820 (1998). "[T]he party opposing [summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata. . . ." (Citations omitted.) Joe's Pizza, Inc. v. Aetna Life Casualty Co.,236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993).
III. Discussion
Gassner argues that he is entitled to judgment as a matter of law because claim or issue preclusion forecloses this court from hearing Spiwak's negligence suit. He argues that all the material facts necessary for a determination of Spiwak's negligence claim have already been established in the workers' compensation forum.
"The principle that an administrative adjudication may give rise to resjudicata or collateral estoppel is well settled." Crochiere v. Boardof Education, 227 Conn. 333, 342 n. 10, 630 A.2d 1027 (1993). "[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) Crochiere v. Board of Education,
supra, 227 Conn. 343.
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] might have been made. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Emphasis omitted.) Linden Condominium Assn., Inc. v. McKenna,247 Conn. 575, 594, 726 A.2d 502 (1999).
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Linden Condominium Assn., Inc.v. McKenna, supra, 247 Conn. 596. "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is necessarily CT Page 6143 determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Citations omitted; emphasis in original.) Delahunty v.Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 600, 674 A.2d 1290
(1996).
 A.
Gassner argues that Spiwak's suit sounding in negligence is barred by preclusion. He argues that the workers' compensation commission found that Spiwak was an independent contractor working under the direction of the general contractor. Gassner claims that, therefore, the issue of whether he owed a duty to Spiwak is also resolved; he owed Spiwak no duty. In response, Spiwak argues that the commission's findings have no preclusive effect because the existence of a duty of care owed is a different issue than the issue decided by the commission, whether Spiwak was an employee or an independent contractor. He argues that these issues are not identical.
Since independent contractors are not within the coverage of the Workers' Compensation Act, the commission must determine whether a person bringing a claim is an employee or an independent contractor. SeeHanson v. Transportation General, Inc., 45 Conn. App. 441, 446,696 A.2d 1026 (1997), aff'd., 245 Conn. 613, 716 A.2d 857 (1998); Chutev. Mobil Shipping Transportation Co., 32 Conn. App. 16, 19-20,627 A.2d 956, cert. denied, 227 Conn. 919, 632 A.2d 688 (1993). Workers' compensation law determines whether one is an employee or an independent contractor based on the degree of control the alleged employer has over the claimant. See Hanson v. Transportation General, Inc., supra,45 Conn. App. 446. "The determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in the absence of controlling considerations, is a question of fact. . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work." Hanson v. Transportation General,Inc. supra, 45 Conn. App. 446. "For purposes of workers' compensation, an independent contractor is defined as one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. . . ." (Internal quotation marks omitted.) Chute v. Mobil Shipping Transportation Co., supra,32 Conn. App. 20. On the other hand, "[o]ne is an employee of another when he renders a service for the other and when what he agrees to do, CT Page 6144 or is directed to do, is subject to the will of the other in the mode and manner in which the service is to be done and in the means to be employed in its accomplishment as well as in the result to be attained."Kaliszewski v. Weathermaster Alsco Corp., 148 Conn. 624, 629, 173 A.2d 497
(1961).
The workers' compensation commission denied Spiwak's claim finding that he was an independent contractor working at the direction of the general contractor, Guimaraes Development, Inc. The review board affirmed these findings. When making its decision whether Spiwak was entitled to bring a claim, the commission was required to determine whether Spiwak was an employee or an independent contractor. As the determinative factor, the commission's analysis focused on the degree of control Gassner had over Spiwak, if any. When making its finding, the commission considered a number of factors and their relative relationship to the issue of degree of control. The commission considered who hired Spiwak; what work he was hired to do; whether anyone directed and controlled his work; his ability to come and go on the job site; who supplied the work materials; who controlled the work site; who hired other subcontractors; who paid Spiwak; who withheld taxes; whether he was required to purchase his own liability insurance; and what, how, when, and by who he was paid.
In Spiwak's suit here, he alleges negligence against Gassner. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "A duty of care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "It is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done." Zapata v. Burns, 207 Conn. 496, 517,542 A.2d 700 (1988); Minton v. Krish, 34 Conn. App. 361, 367, 642 A.2d 18
(1994). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if CT Page 6145 it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citations omitted; internal quotation marks omitted.) RK Constructors, Inc. v.Fusco Corp., supra, 231 Conn. 384-85.
"A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself; but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) RK Constructors,Inc. v. Fusco Corp., supra, 231 Conn. 385-86.
The issue whether Spiwak was an employee or an independent contractor is not the same issue as whether Gassner owed a duty to Spiwak. When determining whether Spiwak was an employee or an independent contractor, the commission was only required to focus on the degree of control Gassner had over Spiwak, if any. When determining whether Gassner owed a duty to Spiwak, the answer turns on an analysis of foreseeability. This test is different than the control test and would require an analysis of relevant factors different than, and broader than, that required when determining degree of control. The foreseeability test requires an analysis of whether an ordinary person in Gassner's position, knowing what he knows or should have known, would anticipate that harm of the general nature of that suffered by Spiwak was likely to result. The question to be answered is whether the harm that occurred should have been reasonably anticipated. Relevant factors to this analysis include, but are not limited to, Gassner's awareness of the dangerous condition of the roof; perceived risk; whether Gassner told Spiwak to clean off the roof; an whether he was responsible for any safety precautions. There is no indication that the workers' compensation commission addressed these factors. In fact, an analysis of these factors was not necessary for a determination of the issue that was before the CT Page 6146 commission, whether Spiwak was an employee or an independent contractor.
Spiwak cites Latulippe v. Mary Catherine Development, Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 535457 (April 3, 1996, Corradino, J.) (16 Conn.L.Rptr. 517), in support of his argument that the commission's finding that he was an independent contractor does not necessarily determine that no duty of care was owed to him by Gassner. In Latulippe, the court struggled with the same issue as here and cautioned that although the workers' compensation commission found that the plaintiff was an independent contractor, this finding did not necessarily determine the issue of whether a duty was owed to that independent contractor. Id. Specifically, the Latulippe, court cautioned that it was not clear, based on the commission's findings that the defendant, general contractor, did not owe a duty of care to the plaintiff, independent contractor, with respect to safety precautions. Id. "The burden is on the defendant to submit extrinsic evidence if what was actually litigated can't be deduced from pleadings or other material submitted to support a res judicata or collateral estoppel argument." Id. This court finds Latulippe persuasive. Among other allegations, Spiwak alleges that Gassner was negligent because he failed to provide safety devices to secure his presence on the roof. Gassner has submitted no evidence that this issue was litigated in the workers' compensation forum and the record provides no indication that it was.
A worker compensation forum is not required to determine foreseeability of harm when determining whether a claimant is an employee or an independent contractor. In addition, foreseeability of harm is not necessarily determined when making the employee versus independent contractor analysis. Facts and evidence other than that necessary for a determination of degree of control are relevant to a determination of foreseeability of harm. Accordingly, the court finds that the issue of duty was not heard and determined by the workers' compensation commission, and therefore, litigating it here is not barred by preclusion.
 B.
Gassner argues that preclusion bars Spiwak's suit because the commission's finding that Spiwak acted willfully and recklessly was necessary to the commission's judgment, in the alternative, and this finding conclusively establishes that Spiwak was the proximate cause of his own injuries.[1] In response, Spiwak argues that the commission's finding that he was willful and reckless was not necessary to the commissioner's judgment, and therefore, was dicta and entitled to no preclusive effect. CT Page 6147
Since the workers' compensation scheme provides for compensation to an employee for accidental injury, but does not provide for compensation to an employee for injury caused as a result of his own willful and reckless misconduct, the commission must determine whether a claimant acted willfully and reckless if it does in fact determine that the claimant is an employee. See Discuillo v. Stone Webster, 242 Conn. 570,574, 698 A.2d 873 (1997); General Statutes § 31-275; General Statutes § 31-284.
After denying Spiwak's claim for benefits on the ground that he was an independent contractor rather than an employee, the commission found that Spiwak acted with willful and reckless misconduct in attempting to remove snow from the roof (a) after he already almost fell off the roof that morning when trying to remove snow, and (b) after he received warnings from fellow contractors on the job site to avoid any attempt to re-enter the roof to remove snow. On review, the board affirmed these findings. The review board noted that the commission did not legally need to reach this issue after having found that Spiwak was an independent contractor. However, the review board further commented that it found no legal error in the commission's decision to address the issue and its analysis of it.
The workers' compensation commission was required to determine whether Spiwak was an employee or an independent contractor since coverage is only available under the Act for employees. After determining that Spiwak was and independent contractor, the commission appropriately denied his claim. However, the commission then made a finding that Spiwak acted willfully and recklessly. In the event that the review board determined that the record did not support a finding that Spiwak was an independent contractor, but rather was an employee, the finding that Spiwak was willful and reckless would, in the alternative, support the commission's decision to deny Spiwak's claim. "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Emphasis in original; internal quotation marks omitted.) Delahunty v. MassachusettsMutual Life Ins. Co., supra, 236 Conn. 600. Accordingly, whether Spiwak was willful and reckless was determined by the commission.
However, issue preclusion will only bar an issue if it was also "necessarily determined in a prior action." Linden Condominium Assn.,Inc. v. McKenna, supra, 247 Conn. 596. "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of CT Page 6148 dicta." (Citations omitted; emphasis in original.) Delahunty v.Massachusetts Mutual Life Ins. Co., supra, 236 Conn. 600.
The commission's finding that Spiwak was willful and reckless was not necessary to the commission's judgment. The judgment was not dependent upon the determination of this issue. The judgment was dependent on the determination that Spiwak was an independent contractor. In fact, the review board noted that the commission did not legally need to reach the issue of willful misconduct after having found that Spiwak was an independent contractor. In the absence of the commission's finding that Spiwak was willful and reckless, the commission would still have found that Spiwak was an independent contractor, rather than an employee, and his claim would have been denied. The review board's comment that there was no legal error in the commission's decision to address the issue of willful misconduct and its analysis of that issue does not in any way indicate that the finding was necessary to the commission's judgment. This comment merely indicates that it was not error for the commission to make this finding in the alternative. An unnecessary finding does not become necessary because it is an alternative reasoning for the same result. Accordingly, the finding that Spiwak was willful and reckless was a nonessential finding to the commission's judgment, and therefore, is dicta and has no preclusive effect. In addition, the finding has no preclusive effect with respect to the issue of the proximate cause of Spiwak's injuries in his negligence claim.
IV. Conclusion
For the reasons stated above, Gassner's motion for summary judgment is denied.
By the court
Gordon, Judge