[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint dated September 4, 1998, the plaintiff, Nancy Ferrara, brought this premises liability action against the defendant, Willard Road, LLC. The plaintiff alleges that on October 16, 1996, she was descending the stairway from the main floor to the basement at 19 Willard Road in Norwalk when she fell to the bottom of the stairwell due to its defective condition. The plaintiff also alleges that the defendant is the owner of the premises and retained control of all stairways in the premises. The plaintiff further alleges that her fall and subsequent injuries were due to the negligence and carelessness of the defendant. CT Page 12729
The defendant filed a revised answer and special defenses to the plaintiff's claim. The defendant's second special defense alleges that the Workers' Compensation Act (WCA), General Statutes § 31-275 et seq., is the plaintiff's exclusive remedy and, therefore, bars the plaintiff's action.
The plaintiff filed motion #109 to strike this special defense on the ground that it is legally insufficient because the defendant is not the plaintiff's employer or co-employee and, therefore, the WCA is inapplicable. "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. RearStill Hill Road, LLC, 64 Conn. App. 9, 13, ___ A.2d ___ (2001)."The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
The plaintiff argues in pursuit of her motion to strike that according to General Statutes § 31-284 (a),[1] the defendant must be the plaintiff's employer in order to trigger the WCA. The plaintiff contends, however, that she is bringing an action pursuant to General Statutes § 31-293 (a),[2] which permits actions against third parties.[3]
The plaintiff argues that the WCA does not preclude her suit against the defendant, a third party. Moreover, the plaintiff contends that the defendant does not plead specific facts stating that the WCA bars her action against the defendant, but rather alleges mere conclusory allegations. The plaintiff asserts, therefore, that her motion to strike should be granted.
The defendant responds that Concord Industries, Inc. (Concord), the company which employed the plaintiff at the time of the accident, is a five percent owner of the defendant limited liability company. Consequently, the defendant argues that the WCA is the plaintiff's exclusive remedy as essentially the plaintiff is bringing a claim against her employer.[4] The defendant contends, therefore, that the motion to strike should be denied.
"The entire statutory scheme of the Workers' Compensation Act is directed toward those who are in the employer-employee relationship as those terms are defined in the act and discussed in our cases." (Internal CT Page 12730 quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 800,712 A.2d 396 (1998). "Because only employees are entitled to compensation under the act, it is clear that coverage must arise from a contract of employment, either express or implied." (Internal quotation marks omitted.) Chute v. Mobil Shiooing Transportation Co., 32 Conn. App. 16,19, 627 A.2d 956, cert. denied, 227 Conn. 919, 632 A.2d 688 (1993).
In the present case, the defendant has alleged in its second special defense that the plaintiff's employer at the time of the accident, Concord, has an ownership interest of five percent in the defendant company. Moreover, the court is mindful of the fact that it must look upon the defendant's allegations in a manner most favorable to sustaining its legal sufficiency. See Connecticut National Bank v. Douglas, supra,221 Conn. 536. Consequently, the defendant has alleged with sufficient specificity that it is the plaintiff's employer by virtue of its partial ownership by Concord and, therefore, the defendant's second special defense may stand. Accordingly, the plaintiff's motion to strike the defendant's second special defense is denied.
Dated at Stamford, Connecticut, this 6th day of September, 2001.
William B. Lewis, Judge T.R.